Robert **CARBRAY**, Plaintiff–Appellant,

v.

Mariam **FLORO**, Jr., **M.D.**, et al., Respondents–Respondents.

No. 62398.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 4, 1994.

---

James F. Koester, Inc., Gerald M. Dunne, St. Louis, for plaintiff-appellant.

Brown & James, P.C., Robert S. Rosenthal, St. Louis, for respondents-respondents.

KAROHL, Judge.

■ On March 26, 1992, the trial court entered judgment on a verdict for defendants in a medical malpractice suit. The judgment became final on April 27, 1992. Rule 81.05. To be effective, a notice of appeal was due no later than May 7, 1992. Rule 81.04(a). This court did not grant leave to file a late appeal as authorized by Rule 81.07. A motion for new trial filed on June 26, 1992, was a nullity because it was filed after the trial court lost jurisdiction. Rule 75.01. The trial court gratuitously denied the motion because it was filed late and because it was without merit. On these facts the notice of appeal filed on July 17, 1992, did not vest jurisdic-

tion in this court. Rule 81.04; *Telge v. Telge,* 677 S.W.2d 403, 406 (Mo.App.1984).

■ Defendants' motion for damages for frivolous appeal under Rule 84.19 is sustained. Plaintiff is ordered to pay damages in the amount of $2000. In sustaining defendants' motion this court has considered the following factors: (1) the single issue on appeal is wholly without merit; (2) plaintiff was not prejudiced by the failure to declare a mistrial when a juror disclosed during trial that he recognized a doctor called as a witness because that juror did not join the nine jurors who ruled in favor of defendants; (3) the argument made to this court of unintentional failure of the juror to disclose his contact with the doctor was not made in the trial court where the claim was intentional failure to disclose; (4) the motion for new trial was stamped by the circuit clerk as received on June 26, 1992, a date confirmed by the minutes of proceedings, but the notice of appeal filed in this court alleges a timely filing of an after-trial motion on April 10, 1992. Although this court has no jurisdiction defendants have been required to file a supplemental legal file, prepare and file a brief and do all work necessary to defend an appeal. We also note that plaintiff has not filed any response to defendants' motion for damages for frivolous appeal.

A judgment for defendants in the amount of $2000 for frivolous appeal damages is ordered to be entered against plaintiff. The appeal is dismissed for lack of jurisdiction.

SIMON, P.J., and PUDLOWSKI, J., concur.