Opal JOHNSON, Plaintiff/Respondent,

v.

ALDI, INC., Defendant/Appellant.

No. 73062.

Missouri Court of Appeals, Eastern District, Division Five.

July 21, 1998.

**912** ■

Michael P. McDonald, St. Louis, for appellant.

Leonard P. Cervantes, St. Louis, for respondent.

Before CRAHAN, C.J., and RICHARD B. TEITELMAN, J., and CHARLES B. BLACKMAR, Senior Judge.

PER CURIAM.

Respondent Opal Johnson filed suit against Appellant Aldi, Inc. to recover damages for personal injuries she suffered after falling in a grocery store owned by Aldi. Following trial, the court entered judgment on a jury verdict awarding damages to Ms. Johnson. Aldi appeals. We affirm and grant Respondent's motion for sanctions under Rule 84.19.

Aldi raises six points in its brief, contesting certain evidentiary rulings made below as well as the trial court's denial of its motions for a directed verdict and a new trial. Aldi neglected to point out, however, that the motion for new trial it submitted was out of time until this court raised the issue at oral argument.[1] Even though Ms. Johnson briefed this crucial issue, Aldi failed to respond by means of a reply brief. Rule 84.04(g).

Allegations of trial error not included in a timely motion for new trial are not preserved for appellate review. Rule 78.07; *Young v. Kansas City Power & Light Co.*, 773 S.W.2d 120, 127 (Mo.App.1989); *see also Carbray v. Floro*, 868 S.W.2d 168, 169 (Mo.App.1994). Having finally acknowledged that its motion was untimely at oral argument, Aldi requested review for plain error under Rule 84.13(c).

■ Aldi's brief couched its allegations of error as if they had been properly preserved. Therefore, it provided this court with no guidance on whether evidentiary rulings by the trial court on such matters as the admissibility of business records and expert testimony have ever been held to be plain error under Rule 84.13(c). Accordingly, we decline Aldi's request for plain error review. *King v. Unidynamics Corp.*, 943 S.W.2d 262, 266 (Mo.App.1997) ("Plain error is not a doctrine available to revive issues already abandoned by selection of trial strategy or oversight").

■ We now take up the issue of Ms. Johnson's motion for sanctions pursuant to Rule 84.19. An appeal is frivolous if it presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed. *Papineau v. Baier*, 901 S.W.2d 190, 192 (Mo.App.1995). The purpose of sanctions is (1) to prevent congestion of appellate court dockets with meritless cases which, by their presence, contribute to delaying resolution of meritorious cases and (2) to compensate respondents for the expenses they incur in the course of defending these meritless appeals. *Fravel v. Guaranty Land Title*, 934 S.W.2d 23, 24 (Mo.App.1996). We will award damages under Rule 84.19 only with great caution lest we chill others from filing meritorious appeals. *Property*

1. Judgment was entered upon the jury verdict on July 9, 1997. Aldi did not file its motion until August 11, 1997. This was outside the thirty-day time limit. Rule 78.04. The legal file indicates the motion was called for a hearing, but the transcript submitted to this court does not contain any record of it.

*Exchange & Sales, Inc. v. King,* 863 S.W.2d 12, 15 (Mo.App.1993).

■ The present appeal is an appropriate object of Rule 84.19 sanctions. The allegations Aldi sought to place before this court are completely devoid of precedential support.[2] Because Aldi failed to point out to the court that the most it could seek was plain error review under Rule 84.13, the court proceeded to prepare the case as if the issues contained in it were entitled to full review and thereby wasted resources and delayed consideration of meritorious cases. Moreover, Ms. Johnson was forced to incur further expenses in the course of responding to this appeal.

For the foregoing reasons, Aldi is ordered to pay $2000 to Ms. Johnson through Ms. Johnson's attorney. Rule 84.19. The total sum shall be paid within fourteen days of the mandate of this court. Ms. Johnson's attorney shall file a copy of receipt for the sum in this court within five days following receipt of the sum.

The judgment is affirmed in accordance with Rule 84.16(b).

---

**2.** On the evidentiary issues, for example, we were unable to find a single instance in which plain error was found to have arisen from the exclusion of similar evidence in a civil case. As for the denial of Aldi's motion for a directed verdict, its assertion was essentially that Ms. Johnson failed to adduce evidence that her fall at Aldi's store caused her injuries. Ms. Johnson adduced evidence that her fall resulted in a blunt trauma to the left side of her body. There was also expert medical testimony that Ms. Johnson's fall in Aldi's store caused her injuries.