Lonnie SNELLING, Appellant,

v.

Bernice EVANS, Albert Johnson, Larry T. McFadden, Eufabya E. McFadden, Raynard Tate, Rico Combs, Sr., and Angela Combs, Respondents.

No. ED 94106.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 31, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 13, 2010.

Application for Transfer Denied Nov. 16, 2010.

Lonnie D. Snelling, St. Louis, MO, for Appellant.

Bernice Evans, Larry McFadden, Eufabya McFadden, Albert Johnson, Raynard Tate, Rico Combs, Angela Combs, St. Louis, MO, for Respondent.

Before ROY L. RICHTER, C.J., GLENN A. NORTON, P.J., and GEORGE W. DRAPER III, J.

ORDER

PER CURIAM.

Lonnie Snelling (hereinafter, "Appellant") appeals the following orders and judgments of the Circuit Court of City of St. Louis and the Missouri Court of Appeals, Eastern District: (1) the May 27, 2004 trial court order, (2) the June 1, 2004 trial court order, (3) the September 16, 2004 trial court order, (4) the November 23, 2004 Court of Appeals order, (5) the November 2, 2005 trial court order and judgment, (6) the April 18, 2006 Court of Appeals order, (7) the May 5, 2009 trial court order, (8) the December 9, 2009 trial court judgment, and (9) the July 23, 2009 trial court order. Additionally, Appellant requests this Court remand the case with directions to reinstate the February 4, 2003 trial court order and judgment. Larry McFadden, Eufabya McFadden, Bernice Evans, and Albert Johnson (hereinafter, "Defendants") were named as defendants in the orders and judgments Appellant seeks to challenge.

Appellant raises five points on appeal. In his first point, Appellant claims the trial court erred in entering a final judgment based on its denial of his Rule 74.06(b)(4), (c), and (d) motion *sua sponte* because Appellant had a due process right to a meaningful hearing. In his second point, Appellant claims the trial court erred in entering final judgment based on prior rulings in the case because the prior rulings and judgments, which vacated the February 4, 2003 order and judgment in Appellant's favor, violated Appellant's equal protection and due process rights in that the trial court treated Appellant differently than similarly situated Defendants. In his third point, Appellant claims the trial court erred in entering final judgment based on prior rulings in the case because the judgments entered after October 31, 2003, were void and unenforceable in that the trial court and this Court lacked personal jurisdiction. In his fourth point, Appellant claims the trial court erred in entering final judgment based on prior orders and judgments in the case because the trial court lacked subject matter jurisdiction and thus, this Court lacked jurisdiction. In his fifth point, Appellant claims the trial court erred in entering final judgment based on prior orders because this Court's orders were void and unenforceable in that the original trial

court orders and judgments entered on May 27, 2004, June 1, 2004, and November 2, 2005, were entered without jurisdiction.

We have reviewed the brief of the parties and the legal file. No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law would have no precedential value. We have, however, provided a memorandum opinion, for the use of the parties only, setting forth the reasons for our decision. Appellant is ordered to pay $1,000 to Defendant Bernice Evans for filing a frivolous lawsuit in violation of Rule 84.19. The trial court's December 9, 2009 judgment is affirmed pursuant to Rule 84.16(b).