

# In the Missouri Court of Appeals
# Eastern District

## NORTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER PHILIPS, AMBER PHILIPS, | ) | No. ED100289 |
| MARIAH PHILIPS, AND IAN PHILIPS | ) | |
| NEXT FRIEND JENNIFER PHILIPS, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | Appeal from the Circuit Court |
| vs. | ) | of Pike County |
| | ) | |
| CITIMORTGAGE, INC., | ) | Honorable James D. Beck |
| | ) | |
| | ) | |
| Respondent. | ) | Filed: May 6, 2014 |

Jennifer Philips and her children, Amber Philips, Mariah Philips, and Ian Philips by his next friend, Jennifer Philips (collectively "Plaintiffs"), appeal the judgment of the trial court dismissing their claims against Citimortgage, Inc. ("Citimortgage"). We affirm in part and reverse and remand in part.

## I.     BACKGROUND

Michael Philips ("Michael"), Jennifer Philips' husband, died unexpectedly on March 18, 2010. Michael Philips had previously executed a deed of trust on their residence, located at 401 Jackson Street in Pike County, Missouri. Jennifer Philips ("Jennifer") did not sign the deed of trust for the property. On the date of Michael's death, shortly after returning from the hospital, an individual from Citimortgage called the residence and asked to speak to Michael Philips. The individual calling spoke to

Jennifer Philips, and she informed the person Michael had just died. Individuals saying they represented Citimortgage subsequently called the residence approximately four times a day for the next few weeks. In addition, Citimortgage sent individuals to photograph the property on numerous occasions, including one occasion which caused flashes in the window of the residence at night.

Following Michael's death, Jennifer filed suit against Citimortgage, seeking declaratory judgment and damages based upon Citimortgage's alleged actions. Jennifer sought to have the deed of trust on the property declared void, and she requested an award of damages based upon Citimortgage's "extreme, outrageous, atrocious, utterly intolerable" conduct which caused her severe emotional distress resulting in bodily harm. An associate circuit judge granted summary judgment in favor of Jennifer on her claim for declaratory judgment, declaring the deed of trust void. However, the associate circuit judge also granted summary judgment in favor of Citimortgage on Jennifer's claim for damages.

While Citimortgage's motion for summary judgment was pending before the associate circuit judge, Plaintiffs filed the action which is the subject of the present appeal. Citimortgage filed an initial motion to dismiss, which was denied by the trial court. Thereafter, Plaintiffs filed a first amended petition. The first amended petition asserted claims for trespass, invasion of privacy, prima facie tort, and nuisance. Citimortgage filed a motion to dismiss the first amended petition, arguing Jennifer's claims were barred by res judicata, and asserting the remaining claims of her children should be dismissed for failure to state a claim. The trial court granted Citimortgage's

motion to dismiss, finding Jennifer's claims were barred by res judicata, and finding the remaining claims failed to state a cause of action. Plaintiffs now appeal.

## II.    DISCUSSION

### III.    Res Judicata - Claim Preclusion

In their first point on appeal, Plaintiffs contend the trial court erred in granting Citimortgage's motion to dismiss Jennifer's trespass claim.[1]  Plaintiffs argue the claim was not barred by res judicata because the allegations stated in the first amended petition stated a different cause of action and were not based upon the same transaction or series of occurrences as the events of the initial action filed by Jennifer before the associate circuit judge. We disagree.

Res judicata, or its modern term, claim preclusion,[2] prevents a plaintiff from relitigating issues already determined against them in a prior suit. *Williams v. Rape*, 990 S.W.2d 55, 59 (Mo. App. W.D. 1999).   A plaintiff may not assert any cause of action that would have been contained in the previous suit. *Id*.  Claim preclusion does not prohibit a plaintiff from asserting a new and distinct cause of action against the same defendant; however, where the "four identities" of the doctrine are satisfied, the suit will be barred by claim preclusion. *Id*.  These are:  "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality of the person for or against whom the claim is made." *Id*., (quoting

---

[1] We note that Jennifer asserted several additional claims against Citimortgage in the first amended petition.  However, she does not challenge the trial court's dismissal of any of her additional claims as barred by res judicata on appeal.  She challenges only the dismissal of her claim for trespass.  Therefore, we do not consider the propriety of the trial court's dismissal of Jennifer's remaining claims.

[2] In *Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318, n.5 (Mo. banc 2002), the Missouri Supreme Court noted that the modern term for the latin phrase res judicata was claim preclusion. The court stated "modern scholars" preferred the term claim preclusion instead of res judicata. *Id*. (internal citations omitted).

*King Gen. Contractors, Inc. v. Reorganized Church*, 821 S.W.2d 495, 501 (Mo. banc 1991)).

The doctrine of claim preclusion applies not only to the specific issues ruled upon by the court and used to form the court's judgment, but also to issues which the parties, exercising reasonable diligence, could have brought in the previous litigation. *Id.* at 60. The test is not whether a new legal theory is asserted in the subsequent action, but rather, whether the subsequent action arises out of the same transaction or occurrence as the prior suit. *Id.* "Transaction" has been broadly defined. *Id.*, quoting *King*, 821 S.W.2d at 501. It is the aggregate of the circumstances constituting the foundation for the claim, and it includes all of the facts and circumstances which resulted in the injury. *Id.*

Here, Plaintiffs argue two of the required identities are missing, and therefore the court improperly dismissed Jennifer's claim of trespass as barred by claim preclusion. Plaintiffs contend there is neither identity of the thing sued for, nor identity of the cause of action. Although Jennifer's trespass claim was, in name, based upon a different legal theory, as the trial court correctly noted, it was based upon the same actions as those asserted in the declaratory judgment and damages case filed before the associate circuit judge. Plaintiffs' argument that an additional trespass occurred on January 8, 2012, which gave rise to the present, distinct claim, is without merit. The original declaratory judgment action was pending before the associate circuit judge when the present suit was filed. The associate circuit judge did not rule on Citimortgage's motion for summary judgment regarding damages in the declaratory judgment action until July 5, 2012. Thus, the alleged January 8, 2012, trespass occurred while the prior suit was still pending before the associate circuit judge, and therefore, could have been raised in the prior case.

4

In addition, the alleged trespass was part of the circumstances constituting the foundation for both the previous action and the present action. Each suit was based upon allegations of Citimortgage's repeated phone calls and photographs of the residence. This series of actions formed the basis for the claims for damages in both the declaratory judgment action and the claim for trespass. Thus, Jennifer's claim for trespass arose from the same series of connected occurrences out of which her earlier action arose, and therefore, the trial court correctly concluded it was barred by claim preclusion. *See Williams*, 990 S.W.2d at 61. Point one on appeal is denied.

**C.     Failure to State a Claim**

In each of the remaining four points on appeal, Plaintiffs challenge the trial court's dismissal of their claims for trespass, invasion of privacy, prima facie tort, and nuisance for failure to state a claim. Plaintiffs argue they alleged sufficient facts to support each claim.

**1.     Standard of Review**

Our review of the trial court's decision to grant a motion to dismiss for failure to state a claim is *de novo*. *Thomas v. City of Kansas City*, 92 S.W.3d 92, 96 (Mo. App. W.D. 2002). We view the pleadings liberally, and we accept all facts alleged as true and view them in the light most favorable to the pleader. *Id*. We do not address the merits of the case, or consider evidence outside the pleadings. *Id*. The law generally favors trial upon the merits, and therefore, the criteria used to determine the sufficiency of the petition is designed to further this purpose. *Id*. If the allegations sufficiently advise the defendant of the claim asserted and the relief demanded, the petition sufficiently states a claim. *Id*.

A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the petition. *Bromwell v. Nixon*, 361 S.W.3d 393, 398 (Mo. banc 2012) (citing *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993)). We do not weigh the factual allegations contained in the petition, and we do not determine whether those allegations are credible or persuasive. *Id.* We simply review the petition to determine whether facts are alleged to meet the elements of a recognized cause of action. *Id.*

### III.     Trespass

In the second point on appeal, Plaintiffs challenge the trial court's dismissal of the children's remaining claims for personal injury from Citimortgage's trespass for failure to state a claim. Plaintiffs argue they pleaded sufficient facts to state a claim of possessory interest in the property to warrant recovery for trespass. We agree.

"In Missouri trespass is described as a direct physical interference with the person or property of another." *Maryland Heights Leasing, Inc. v. Mallinckrodt, Inc.*, 706 S.W.2d 218, 224 (Mo. App. E.D. 1985) (citing *Looney v. Hindman*, 649 S.W.2d 207, 212 (Mo. banc 1983)). It is the unauthorized entry by a person upon another's land, regardless of the degree of force used, and regardless of any damage done. *Grossman v. St. John*, 323 S.W.3d 831, 834 (Mo. App. W.D. 2010) (internal citation omitted). Thus, the central issue of a trespass action is violation of possession. *International Broth. of Elec. Workers v. Monsees*, 335 S.W.3d 105, 108 (Mo. App. W.D. 2011). According to Citimortgage, Plaintiffs failed to adequately plead a possessory interest in the property to support a claim for trespass.

6

Granting the first amended petition liberal construction, and reviewing the petition to determine only whether it contains allegations necessary to advise the defendant of the claim asserted, Plaintiffs alleged sufficient facts to state a claim for trespass. Plaintiffs allege Ian Philips is a minor child, residing at 401 Jackson Street, which is the property owned by Jennifer Philips. They further allege the remaining children, Amber and Mariah Philips, are "lawful tenants" residing at 401 Jackson Street. Plaintiffs allege several incidents of agents of Citimortgage entering that property without authorization.

The trial court found the allegations "seem to establish that Jennifer Phillips [sic] maintained exclusive control of the property, not any of the other Plaintiffs," and that Plaintiffs failed to allege any facts to support the conclusion that the three children had a possessory interest in the home. The court further concluded "[i]t would not make sense to allow a child, who has no independent claim of exclusive possession of the property, to be considered to have a possessory interest." The trial court improperly reviewed the substantive merits of the allegations, rather than reviewing the allegations in a liberal, academic manner. As a result, the trial court erroneously determined Plaintiffs' factual allegations were insufficient regarding Plaintiffs' possessory interests in the residence, and therefore, the trial court erred in dismissing Plaintiffs' trespass action for failure to state a claim. Point two on appeal is granted.

### 3. Invasion of Privacy

In their third point on appeal, Plaintiffs contend the trial court erred in dismissing the children's remaining claims for invasion of privacy from intrusion upon seclusion for

7

failure to state a claim. According to Plaintiffs, the first amended petition alleged sufficient facts to support their claim.

A general right to privacy encompasses four separate privacy interests. *Crow v. Crawford & Co.*, 259 S.W.3d 104, 120 (Mo. App. E.D. 2009). Invasion of these interests may result in four separate torts, and each individual tort has its own distinct set of elements. *Id.* "The right to privacy is breached when there is: (1) an unreasonable intrusion upon the seclusion of another; (2) the appropriation of the name or likeness of another; (3) unreasonable publicity given to another's private life; or (4) publicity that unreasonably places another in a false light before the public." *Id.* (internal citation omitted).

The first amended petition alleges Citimortgage intentionally intruded upon the seclusion of Plaintiffs, and therefore we consider only the first tort, intrusion upon the seclusion of another. The Restatement (Second) of Torts, Section 652B states: "[o]ne who intentionally intrudes, physically or otherwise upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." *See Sofka v. Thal*, 662 S.W.2d 502, 510 (quoting Restatement (Second) of Torts, Section 652B).

Plaintiffs allege numerous occasions upon which agents of Citimortgage entered the property located at 401 Jackson Street to take photographs, including one occasion during which the photograph caused flashes in the window of the residence at night. In addition, Plaintiffs allege Citimortgage called the house approximately four times a day for several weeks. Plaintiffs specifically allege Mariah Philips answered one such phone

8

call.  The first amended petition further alleges Plaintiffs have suffered severe emotional distress as a result of Citimortgage's actions.

The trial court concluded Plaintiffs failed to allege facts that Citimortgage spoke to any of the Plaintiffs other than Jennifer Philips and on one occasion to Mariah Philips. Plaintiffs do not specifically claim each of them were present for every phone call and photograph taken of the residence in their first amended petition.  However, given liberal construction, based upon the allegation of fact that each of the Plaintiffs resided at 401 Jackson Street where the conduct occurred, it is reasonable to conclude the allegations concerning Citimortgage's repeated actions directed to the residence constituted sufficient facts to support a claim for an unreasonable intrusion upon their privacy. *See Estate of Saling*, 924 S.W.2d 312, 313 (Mo. App. S.D. 1996) (reviewing whether petition states a claim we give the plaintiff benefit of every reasonable intendment with respect to facts stated).

Furthermore, the trial court concluded the only actions pleaded to support the claim of invasion of privacy were "simply phone calls" asked about Michael Philips, which "certainly [] was not a private or personal matter."  Again, the trial court conducted an impermissible review of the allegations as to their substantive merit, rather than simply determining whether the allegations stated a cause of action.  Plaintiffs' allegations of repeated phone calls to the residence, "[a]pproximately four times a day for the next few weeks," inquiring about Michael following his death and after being informed of his death, are sufficient facts to state a claim for the unreasonable intrusion upon Plaintiffs' seclusion.  Therefore, the trial court erred in dismissing their claim for invasion of privacy based upon this intrusion.  Point three on appeal is granted.

9

### III.    Prima Facie Tort

In the fourth point on appeal, Plaintiffs argue the trial court erred in dismissing the children's remaining claims for prima facie tort for failure to state a claim. Plaintiffs contend they alleged sufficient facts in the first amended petition to state a cause of action.

The elements of a prima facie tort action are: (1) an intentional lawful act by the defendant; (2) the defendant's intent to injure the plaintiff; (3) injury to the plaintiff; and (4) the absence of justification or insufficient justification for the defendant's act. *Nazeri*, 860 S.W.2d at 315.

As noted above, Plaintiffs allege numerous occasions upon which Citimortgage photographed their home, as well as phone calls to the residence multiple times a day for weeks. Plaintiffs allege the actions were an attempt to collect money Michael owed to Citimortgage, and Citimortgage knew Michael died on March 18, 2010. Plaintiffs alleged Citimortgage knew Jennifer was not a party to Michael's debt, and Citimortgage's actions were an attempt to intimidate her into abandoning litigation against Citimortgage. As previously discussed, Citimortgage's actions occurred at the residence of each Plaintiff, and the frequency and nature of their actions, coupled with the allegation of Citimortgage's knowledge of Michael's death and the circumstances surrounding the debt, constitute sufficient facts from which could be concluded Citimortgage intended to cause injury to Plaintiffs. Without determining whether the facts alleged are credible or persuasive, the facts alleged concerning Citimortgage's knowledge of the circumstances also support an absence of justification for Citimortgage's actions. In addition, Plaintiffs allege Citimortgage's actions caused

10

severe emotional distress to Plaintiffs, as well as nausea and vomiting to Ian Philips, and therefore, Plaintiffs alleged sufficient facts to support the element of injury to Plaintiffs.

Based upon the foregoing, Plaintiffs pleaded sufficient facts to state a cause of action for prima facie tort, and therefore, the trial court erred in dismissing Plaintiffs claim. Point four on appeal is granted.

### III.    Nuisance

In their fifth and final point on appeal, Plaintiffs argue the trial court erred in dismissing the children's remaining claims for nuisance for failure to state a claim. Plaintiffs contend they alleged sufficient facts in their first amended petition to state a cause of action for nuisance.

"Nuisance is the unreasonable, unusual, or unnatural use of one's property so that it substantially impairs the right of another to peacefully enjoy his property." *Frank v. Environmental Sanitation Management, Inc.*, 687 S.W.2d 876, 880 (Mo. banc 1985). A nuisance claim recognizes two competing rights:  the right of property owners to control their land and use it for their own benefit, and the right of the public and neighboring land owners to prevent unreasonable use that impairs the peaceful use and enjoyment of their own property. *Id*. The requirement that the use of land be unreasonable serves to balance the rights of adjoining property owners. *Id*. Thus, the core of a nuisance action is unreasonable land use. *Id*.

In their first amended petition, Plaintiffs fail to allege any facts concerning Citimortgage's use of its land in an unreasonable manner. The only allegation regarding any land is the recitation of the address of Citimortgage's Missouri agent. However, Plaintiffs do not allege Citimortgage used this property in an unreasonable, unusual, or

11

unnatural manner. Instead, Plaintiffs state only the conclusion that Citimortgage "engaged in the unreasonable, unusual, or unnatural use of its property," to impair Plaintiffs' ability to peacefully use and enjoy their own property. Under the fact pleading requirements in Missouri, this mere conclusion, without any allegation of supporting facts, is disregarded in determining whether Plaintiffs stated a claim for nuisance. *See Jennings v. Board of Curators of Missouri State University*, 386 S.W.3d 796, 797 (Mo. App. S.D. 2012). Thus, based upon the facts alleged in the first amended petition, Plaintiffs failed to state a claim for nuisance. Therefore, the trial court properly dismissed the count for failure to state a claim. Point five on appeal is denied.

## III.    CONCLUSION

For the foregoing reasons, the judgment of the trial court dismissing Jennifer Philips' claims as barred by res judicata, and dismissing the remaining Plaintiffs' claim for nuisance for failure to state a claim, is affirmed. However, the judgment dismissing the children's remaining claims for trespass, invasion of privacy, and prima facie tort for failure to state a claim is reversed. The cause is remanded for further proceedings consistent with this opinion.

_____
ROBERT M. CLAYTON III, Chief Judge

Clifford H. Ahrens, J., and
Mary R. Russell, Sp.J., concur.

12