

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| LONNIE SNELLING, | ) | No. ED102960 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | 1222-CC09472 |
| | ) | |
| PATRICK J. KENNY, et al., | ) | Honorable Joan L. Moriarty |
| | ) | |
| Respondent. | ) | Filed: March 15, 2016 |

Lonnie Snelling ("Appellant") appeals the judgment granting the various respondents'

(discussed below) motions to dismiss. We affirm.[1]

## I.     BACKGROUND

This case has a long and complex factual and procedural history. There are four separate

groups of claims and respondents. The "McFadden claims" involve Respondents Larry T.

McFadden, Eufabya McFadden (collectively "the McFaddens"), Patrick J. Kenny, and

Armstrong Teasdale, LLP ("Armstrong Teasdale"). The "Riverfront Times claims" involve

Respondents Riverfront Times, LLC ("the Riverfront Times"), Thompson Coburn, LLP

("Thompson Coburn"), Mark Sableman, Michael Nepple, Ann Ahrens Beck, and Heidi Kuns

Durr. The "Barnes-Jewish Hospital claims" only involve Respondent Barnes-Jewish Hospital.

---

[1] We grant the portion of the Respondents' motion taken with the case which requests our Court award sanctions for Appellant's filing a frivolous lawsuit in violation of Rule 84.19. However, we deny the portion of Respondents' motion taken with the case which urges our Court to strike Appellant's brief and to dismiss his appeal on the grounds Appellant's brief fails to comply with Rule 84.04. We deny Appellant's motion taken with the case to file a supplemental legal file.

The "Fishman claims" involve Jack Fishman and the Fishman Law Firm, P.C. ("the Fishman Law Firm"). We discuss them in turn.

## A.     The McFadden claims

The events leading to the McFadden claims arose between 1999 and 2001. Appellant owned a residence located at 5619-21 Maple Avenue in the City of St. Louis. He alleged construction materials he purchased for the property were damaged and stolen and that he was struck by a car driven by Larry T. McFadden. Appellant's current claims arise out of the litigation following those alleged incidents.

In 2001, Appellant filed an action in the trial court against the McFaddens, for which Appellant received a default judgment. The McFaddens retained Kenny and his firm, Armstrong Teasdale, to represent them in the action, and they filed a motion to set aside the default judgment. With the motion, Kenny attached two affidavits, from Larry T. McFadden and Eufabya McFadden, respectively. The trial court in that action set aside the default judgment. Appellant appealed, and this Court affirmed the trial court's judgment in *Snelling v. McFadden*, 155 S.W.3d 768 (Mo. App. E.D. 2004) ("*Snelling I*").

After the default judgment was set aside, Appellant resumed in his action against the McFaddens, and the cause proceeded to trial. However, when the cause was called for trial on May 10, 2005 and a jury panel was summoned, Appellant announced he was not prepared for trial. As a result, the trial court dismissed Appellant's claims with prejudice. Appellant appealed and we again affirmed the trial court's judgment in *Snelling v. McFadden*, 196 S.W.3d 534 (Mo. App. E.D. 2006) ("*Snelling II*").

On April 21, 2009, Appellant submitted additional filings in the trial court from the 2001 action, requesting the trial court set aside its prior judgments that were affirmed in *Snelling I* and

2

*Snelling II*.  On May 5, 2009, the trial court denied Appellant's motions, holding that Appellant's claims were without merit.  We affirmed the trial court based on the law of the case doctrine and our prior decisions in *Snelling I* and *Snelling II*.  *Snelling v. Evans*, 323 S.W.3d 795 (Mo. App. E.D. 2010) ("*Snelling III*").  Additionally, in that appeal, one of the respondents, Bernice Evans, requested that this Court "please put a stop to these harassing claims and suits against myself and my grandson [who is also a respondent], who[] is now deceased."  We imposed a sanction against Appellant in the amount of $1,000.00 "for filing a frivolous lawsuit in violation of [the then current version of] Rule 84.19."  *Id*. at 796.  Following the sanctions, Evans was no longer named as a party to any of Appellant's actions with respect to the McFadden claims.

On May 11, 2009, Appellant filed another petition in the trial court, allegedly seeking a declaratory judgment and damages due to the setting aside of the default judgment.  The trial judge entered an order striking the motion for declaratory judgment as frivolous, stating "this case is closed" and warning Appellant that "any further filings in this case would result in sanctions being imposed on [Appellant]."

On November 1, 2010, Appellant filed another action, in federal court, asserting "claims of conspiracy/intentional interference" allegedly arising from the judgments affirmed in *Snelling I* and *Snelling II*.  The federal action was dismissed, with the federal district judge taking notice of the above proceedings in the trial court as well as our decisions in *Snelling I*, *Snelling II*, and *Snelling III*.  The federal judge held that the court lacked subject matter jurisdiction to entertain Appellant's claims that the previous orders of this Court and the trial court were invalid. *Snelling v. Evans*, No. 4:10-CV-2072 CEJ, 2011 WL 1979598 (E.D. Mo. May 20, 2011).

On May 23, 2013, Appellant filed a "motion for declaratory judgment" in the trial court, stemming from the 2001 action, seeking a declaration as to the alleged invalidity of the

judgments that were affirmed in *Snelling I* and *Snelling II*. On June 5, 2013, the trial court entered an order striking Appellant's motion and warning him any further filings in the case would result in sanctions against him. *Snelling v. Tate*, No. 22012-09449-01.

Nevertheless, on February 17, 2015, Appellant filed yet another motion in the trial court, stemming from the 2001 action, in which he requested all prior orders and judgments in the case be declared "void." In response, the trial court prohibited Appellant from filing any further pleadings or motions in the case, under the existing case numbers or another. It stated further that any violation of the order would subject Appellant to a criminal contempt proceeding pursuant to section 476.110 RSMo 2000. *Snelling v. Tate*, No. 22012-09449-01.

Appellant initiated the instant action on August 9, 2012. With regard to the McFadden claims, Appellant collaterally attacked the aforementioned judgments. Here, Appellant alleged the McFaddens "maliciously conspired . . . in collusion with" Kenny and Armstrong Teasdale. Appellant claimed that, in seeking relief from the original default judgment, the McFaddens signed "false sworn statements" at the direction of Kenny and with the consent of Armstrong Teasdale. Appellant alleged that "the defendants admitted in a letter dated Nov. 15, 2004, the falsity of defendants McFaddens' sworn statements." Appellant further alleged that, as a result of these actions, these respondents obtained a judgment on May 27, 2004 (setting aside the default judgment), and another judgment on November 2, 2005, "by fraud upon the Court and plaintiff."

On March 27, 2013, these respondents filed a motion to dismiss, asserting the claims against them were barred by the five-year statute of limitations. On May 27, 2014, the circuit court granted these respondents' motion to dismiss, finding the claims were barred as untimely.

4

**B.      The Riverfront Times claims**

Riverfront Times, LLC ("the Riverfront Times") publishes a magazine, both in print and online, also called the Riverfront Times. In 2005, Kristen Hinman, a reporter for the Riverfront Times, interviewed Appellant regarding his frequent pro se participation in the judicial system. The subsequent article Hinman wrote, entitled "Suit Monger," was published by the Riverfront Times in its print edition and online on November 30, 2005. The article remains available on the Riverfront Times' website.

One of Appellant's prior lawsuits was a 1997 action against Michelin North America, Inc., General Motors Corporation, and Lou Fusz Motors Company. Appellant's claims against those defendants were dismissed. Years later, Appellant filed a motion pursuant to the then current version of Rule 74.06(b)(4) asking that the dismissal order be voided, which the trial court denied. Appellant appealed the denial of that motion on February 21, 2007. *Snelling v. Michelin N.A.*, Appeal No. ED89387. Durr, the attorney for Lou Fusz Motors Company in that case, filed a motion to dismiss the appeal and requested as further relief that Appellant be enjoined from filing any future pro se actions. In support of that motion, Durr attached a copy of the Riverfront Times' "Suit Monger" article. Beck, the attorney for Michelin North America, then an employee of Thompson Coburn along with Sableman and Nepple, filed a memorandum joining in Durr's motion. This Court granted the motion to dismiss, but denied the request for injunctive relief.

On December 5, 2007, Appellant filed a lawsuit against the Riverfront Times, Hinman, and Tom Finkel (an editor for the Riverfront Times), claiming that the "Suit Monger" article had defamed him. The trial court entered judgment in that case against Appellant, finding that because the "Suit Monger" article was first published on November 30, 2005, Appellant's

5

defamation claims were barred by the statute of limitations. Appellant did not raise the issue of online publication in that case. We affirmed the trial court's judgment in *Snelling v. Riverfront Times LLC*, 318 S.W.3d 139 (Mo. App. E.D. 2010) ("*Snelling IV*"). Hinman and Finkel are not parties to this litigation.

As stated above, Appellant filed the instant lawsuit on August 9, 2012. Relative to these Respondents, Appellant asserted claims for conspiracy, fraudulent inducement, injurious falsehood and negligent infliction of emotional distress. Appellant also brought a claim for declaratory judgment, asking that the trial court declare publishing the "Suit Monger" article online to be a separate action from publishing it in print which created a continuing tort such that *Snelling IV* had no res judicata or collateral estoppel effect on the new lawsuit.

Throughout 2012 and 2013, the trial court granted motions to dismiss Appellant's claims with prejudice and without leave to amend for all the defendants who received process, based on individual motions filed by those defendants.

## C.    The Barnes-Jewish Hospital claims

Appellant's claims against Barnes-Jewish Hospital arise out of a letter defendant Jennifer Huizenga, a social worker employed by Barnes-Jewish Hospital, allegedly wrote to the trial court in another, unrelated matter. Appellant alleged Huizenga's letter somehow influenced the court to impair or vacate certain default judgments against certain other parties which Appellant had previously obtained.

Appellant's first lawsuit against Respondent was filed in the trial court in Cause No. 0922-CC01820; however, Appellant voluntarily dismissed his cause of action on June 30, 2009, in the face of impending sanctions by the trial court. Appellant subsequently filed a second lawsuit against Respondent (among others) in federal court, but neither Barnes-Jewish Hospital

6

nor Huizenga was ever served with process, and on May 20, 2011, the federal court eventually dismissed Appellant's cause of action for lack of subject-matter jurisdiction.

As stated above, Appellant filed the instant lawsuit on August 9, 2012. Appellant alleged several causes of action against Barnes-Jewish Hospital, including fraudulent concealment, trespass on the case, conspiracy, and intentional interference with property rights in judgments and economic expectancy. Appellant further asserted these claims against Barnes-Jewish Hospital were included in the previous federal action.

Barnes-Jewish Hospital filed a motion to dismiss on January 18, 2013, and the trial court granted the motion to dismiss with prejudice.

**D.      The Fishman claims**

Appellant initiated a garnishment/execution action in the trial court for an unrelated matter on March 28, 2005. On May 23, 2005, Fishman appeared on behalf of his firm, the Fishman Law Firm, and requested a stay of the sheriff's sale Appellant had requested in that matter. The sheriff's sale was stayed on that date.

As stated above, Appellant filed the instant lawsuit on August 9, 2012. Appellant alleged malicious prosecution, abuse of process, fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress relative to Fishman's actions in staying the sheriff's sale in the prior litigation. On November 11, 2013, Fishman filed a motion to dismiss, which the trial court granted.

**E.      Motion for rehearing and/or new trial**

On December 22, 2014, after all of Appellant's claims against the various above defendants were dismissed, Appellant filed his motion for rehearing and/or new trial on all

7

orders and partial judgments entered in the lawsuit. The court denied Appellant's motion on February 11, 2015. This appeal followed.

## II.     DISCUSSION

Appellant presents ten points on appeal. Points one through eight assert the trial court erred in granting the Respondents' motions to dismiss and assert alleged errors relating to all four groups of respondents. Points nine and ten are procedural claims.

### A.     The McFadden claims

Appellant's points one and three on appeal arise out of the McFadden claims and are directed toward the McFaddens, Kenny, and Armstrong Teasdale. These points assert Appellant's petition adequately stated a claim for relief under certain counts. We hold Appellant's claims are barred by law of the case and res judicata.

The doctrine of law of the case governs successive adjudications involving the same issues and facts. *Walton v. City of Berkeley*, 223 S.W.3d 126, 128-29 (Mo. banc 2007). "Generally, the decision of a court is the law of the case for all points presented and decided, as well as for matters that arose prior to the first adjudication and might have been raised but were not." *Id*. at 129. The doctrine ensures uniformity of decisions, protects the parties' expectations, and promotes judicial economy. *Id*. The law of the case can advance these goals only if it applies nearly all the time, and discretion to disregard it is exercised only in rare and compelling situations. *Id*. at 131. Because this case does not present such a rare and compelling situation, all issues that were raised in Appellant's prior appeals and all issues "that could have been raised but were not" are barred from being considered in this appeal. *See id*. at 128-31.

Similarly, the res judicata doctrine prevents plaintiffs from relitigating issues already determined against them in a prior action. *Philips v. Citimortgage, Inc.*, 430 S.W.3d 324, 328

(Mo. App. E.D. 2014). Where the "four identities" are satisfied, the second action will be barred by res judicata. *Id*. at 329. "These are, (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality of the person for or against whom the claim is made." *Id*. (quotations omitted). Like law of the case, res judicata applies not only to the specific issues ruled upon by the court and used to form the court's judgment, but also to issues that the parties could have brought in the previous litigation. *Id*.; *Walton*, 223 S.W.3d at 129.

Appellant's points on appeal regarding the McFadden claims are all barred by the law of the case and res judicata because these points raise claims that were raised or could have been raised in *Snelling I*, *Snelling II*, and *Snelling III*. Appellant alleged in his petition that the McFaddens "maliciously conspired . . . in collusion with" Kenny and Armstrong Teasdale "to undermine the judgments entered against all above named defendants, judgment liens and to halt ongoing execution/garnishment proceedings." Appellant also alleged that, in seeking relief from the default judgment, the McFaddens signed "false sworn statements" at the direction of Kenny and with the consent of Armstrong Teasdale.

These are the same claims, arising from the same events, and against the same defendants, that were considered and rejected in *Snelling I*, *Snelling II*, and *Snelling III*. As we explained in *Snelling III* in rejecting Appellant's attempt to relitigate the issues decided in *Snelling I* and *Snelling II*: "The law of the case doctrine governs successive appeals involving the same issues and facts. Under this doctrine, the prior appellate court decision becomes the law of the case on all points decided in the case. Furthermore, the prior appellate decision is also the law of the case as to all questions that might have been raised in the first appeal but were not." *Snelling III* (No. ED94106, memorandum at 4) (citations and quotations omitted). We further

9

explicitly refused to address the same claims that Appellant is attempting to advance in this appeal:

> Appellant is precluded from collaterally challenging this Court's orders [in *Snelling I* and *Snelling II*], which reviewed the trial court's orders and judgments entered on May 27, 2004, June 1, 2004, September 16, 2004, and November 2, 2005 because our decisions constitute the law of the case. These decisions remain the law of this case on all points decided and on all issues that could have been raised. We are prohibited from reconsidering the merits of these orders and judgments.

*Id*. (citations and quotations omitted). Simply put, Appellant is seeking relief for events that occurred over ten years ago and which gave rise to his claims in three prior appeals before this Court. Therefore, Appellant's first and third point on appeal are barred by the law of the case because they were considered and rejected in *Snelling I*, *Snelling II*, and *Snelling III*. To any extent that these issues or arguments were not directly resolved in the prior appeals, they arise out of the same set of operative facts and thus they are equally barred, as they could have been brought in the prior appeals. *See Walton*, 223 S.W.3d at 128-31; *Philips*, 430 S.W.3d 324, 328-29.

Points one and three are denied.

## B.    The Riverfront Times claims

Appellant's points four, five, and six on appeal arise out of the Riverfront Times claims and are directed toward the Riverfront Times, Thompson Coburn, Sableman, Nepple, Beck, and Durr. Points five and six assert Appellant's petition adequately stated a claim for relief under certain counts. We hold these claims are barred by res judicata and the applicable statutes of limitations. Point four relates to Appellant's declaratory judgment claim. We hold it was properly dismissed by the trial court.

Here, Appellant's claims against the Riverfront Times are based on its publication of the "Suit Monger" article. Appellant's 2007 suit against the Riverfront Times was also based on its publication of the "Suit Monger" article, and it makes no difference that Appellant might be seeking different damages or relying on allegedly different evidence. As stated above, res judicata applies to issues actually litigated and which could have litigated in the prior proceeding. *Philips*, 430 S.W.3d at 328-29. A party may not litigate a claim and then, upon an adverse judgment, revive it on cumulative grounds that could have been brought before the court in the first proceeding. *Briscoe v. Walsh*, 445 S.W.3d 660, 666 (Mo. App. E.D. 2014).

Appellant alleges that the judgment against him in the 2007 suit was based on the statute of limitations. For res judicata to apply, a final judgment on the merits must have been rendered in the first case. *Lomax v. Sewell*, 50 S.W.3d 804, 809 (Mo. App. W.D. 2001). "The dismissal of an action based upon the running of the statute of limitations is a final adjudication on the merits for purposes of res judicata." *Id*. at 811 (quotations omitted). These claims involve the same thing sued for, the same causes of action, the same parties to the action, and the same quality of the person for or against whom the claim was made. *Philips*, 430 S.W.3d at 329. Thus, Appellant's claims against the Riverfront Times are barred by res judicata. *Id*.

The other Respondents related to the Riverfront Times claims, Thompson Coburn, Sableman, Nepple, Beck, and Durr were not parties in the 2007 litigation. As such, res judicata does not apply to them. *Id*. They are nevertheless barred due to the statute of limitations. The statute of limitations for defamation is two years, and the statute of limitations for injurious falsehood is five years. Section 516.140 RSMo 2000;[2] *Farrow v. Saint Francis Medical Center*, 407 S.W.3d 579, 599 (Mo. banc 2013); section 516.120(4); *State ex rel. BP Products North America Inc. v. Ross*, 163 S.W.3d 922, 927 (Mo. banc 2005) (referring to section 516.120(4) as a

[2] All further statutory references are to RSMo 2000.

11

"catchall" provision for causes of action not specifically enumerated in other statutes). Section 516.100 provides that a cause of action accrues "when the damage resulting therefrom is sustained and is capable of ascertainment." A plaintiff's reputation interest is invaded at the time of publication. *Kennedy v. Microsurgery and Brain Research Institute*, 18 S.W.3d 39, 42 (Mo. App. E.D. 2000). Appellant's claims relative to these Respondents arise out of the publication of the "Suit Monger" article, which occurred on November 30, 2005. Therefore, regardless of how Appellant characterized his claims, the statute of limitations would have expired before the filing of this suit on August 9, 2012. The same is true of Appellant's claims for negligent infliction of emotional distress, which also has a five-year statute of limitations. Section 516.120(4); *Riddler v. Hibsch*, 94 S.W.3d 470, 472 (Mo. App. S.D. 2003). The trial court did not err in dismissing Appellant's claims against these Respondents.

Appellant's fourth point on appeal brings a related claim that the trial court erred in dismissing his claim for a declaratory judgment to determine whether posting the "Suit Monger" article on the internet gave rise to a separate cause of action from the print publication. An essential element of a declaratory judgment action is that the plaintiff does not have an adequate remedy at law. *Kinder v. Holden*, 92 S.W.3d 793, 805 (Mo. App. W.D. 2002). Here, Appellant merely sought an advisory opinion on a legal issue related to his other claims, wherein he would have an adequate remedy at law if successful. Declaratory relief would be inappropriate, and the trial court did not err in dismissing this claim.

Appellant's points four, five, and six on appeal are denied.

12

## C. The Barnes-Jewish Hospital claims

Appellant's second point on appeal relates to the Barnes-Jewish Hospital claims. This point asserts Appellant's petition adequately stated a claim for relief under certain counts. We hold this claim is barred by the statute of limitations.

Appellant asserted claims for fraudulent concealment, trespass on the case, conspiracy, and intentional interference with property rights against Barnes-Jewish Hospital. All of these purported actions are subject to the five-year statute of limitations in section 516.120. *Ross*, 163 S.W.3d at 926. While Appellant alleges the letter written by Huizenga was initially "concealed" from him, he admits he learned of its existence on November 5, 2005 after the trial court entered its order and judgment on November 2, 2005. As such, the statute of limitations would have expired before the filing of this suit on August 9, 2012. The trial court did not err in dismissing these claims.

Point two is denied.

## D. Fishman claims

Appellant's seventh and eighth points on appeal relate to the Fishman claims. These points assert Appellant's petition adequately stated a claim for relief under certain counts. We hold these claims are barred by the statute of limitations.

Appellant alleged malicious prosecution, abuse of process, fraud, intentional infliction of emotional distress and negligent infliction of emotional distress relative to Fishman's actions in staying the sheriff's sale in the prior litigation. All of these purported actions are subject to the five-year statute of limitations in section 516.120. *Ross*, 163 S.W.3d at 926. These causes of action stem from Fishman's allegedly tortious conduct on May 23, 2005. As such, the statute of

13

limitations would have expired before the filing of this suit on August 9, 2012. The trial court did not err in dismissing these claims.

Points seven and eight are denied.

**E.      Procedural claims**

Point nine claims Appellant should have been allowed to further amend his petition, and point ten argues Appellant should have been allowed to supplement his motion for a new trial. However, Appellant presents no support or argument as to how additional leave to amend would have cured any of the above deficiencies in his case. Accordingly, points nine and ten are denied.

**F.      Sanctions**

Appellant is not an attorney. Nevertheless, as a pro se litigant, Appellant is held to the same standard as a licensed attorney. *See Watson-Tate v. St. Louis School Dist.*, 87 S.W.3d 358, 359 (Mo. App. E.D. 2002). "If an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper." Rule 84.19.[3] "An appeal is frivolous if it presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed." *Johnson v. Aldi, Inc.*, 971 S.W.2d 911, 912 (Mo. App. E.D. 1998). "The purpose of sanctions is (1) to prevent congestion of appellate court dockets with meritless cases which, by their presence, contribute to delaying resolution of meritorious cases and (2) to compensate respondents for the expenses they incur in the course of defending these meritless appeals." *Id.*

"[T]he issues presented on appeal must be at least fairly debatable in order to avoid assessment of damages for frivolous appeals." *Capital One Bank v. Hardin*, 178 S.W.3d 565, 577 (Mo. App. W.D. 2005) (quotations omitted). Defective briefing by an appellant and

---

[3] All further references to Rules are to Missouri Supreme Court Rules (2015).

14

indications that the appellant intends to pursue further frivolous claims are relevant to determining whether to provide relief under Rule 84.19. *Id*. at 578; *see Snelling v. Chrysler Motors Corp*., 859 S.W.2d 755, 757 (Mo. App. E.D. 1993).

Appellant has been litigating some of these same matters since 1997. With regard to the McFadden claims, Appellant has repeatedly attempted to raise claims arising from the same allegedly tortious conduct in multiple trial court proceedings in both state and federal courts. Further, this is Appellant's fourth attempted bite at the same apple in this Court. In 2009, Appellant submitted additional filings in the trial court in the 2001 action, despite the fact that the judgments in that case had already been affirmed in *Snelling I* and *Snelling II*. He has defied repeated trial rulings against him, even incurring the threat of criminal contempt proceedings. Appellant seems willfully defiant of the fact that this matter is closed.

Most notable and misguided is the fact that that Appellant has repeatedly sued Kenny and Armstrong Teasdale in their capacity as the McFaddens' attorneys. He asserts the attorneys nefariously conspired against him and injured him simply by representing their clients' interests – the fundamental underpinning of the profession. As such, it is well settled that the attorney-client relationship is one of agency, wherein the attorney acts as the client's alter ego and not for himself personally. *Macke Laundry Service Ltd. Partnership v. Jetz Service Co., Inc.*, 931 S.W.2d 166, 176 (Mo. App. W.D. 1996). This "identity between agent and principal leads to a legal impossibility in the context of conspiracy. Two entities which are not legally distinct cannot conspire with one another." *Id*. This applies with equal force to the Fishman claims.

Appellants' Riverfront Times claims and Barnes-Jewish Hospital claims are equally abusive. Snelling litigated these identical claims against the Riverfront Times in *Snelling IV*, in which the underlying conduct took place approximately nine years ago. The claims against

15

Thompson Coburn, Sableman, Nepple, Beck, and Durr arise out of those same facts, and have also been repeatedly rejected. Furthermore, they arise out of actions attorneys took on behalf of their clients, just as the claims against Kenny, Armstrong Teasdale, and Fishman. *See id.* And while we have not addressed Appellant's Barnes-Jewish Hospital claims on appeal before now, his appeal here arises out of his third consecutive attempt at suing those parties in the trial court, and it is equally baseless, equally repetitive, and equally abusive of the judicial system.

In *Snelling III*, we summarily affirmed the denial of Appellant's 2009 motion in the McFadden litigation and ordered Appellant to pay $1,000 to Evans for filing a frivolous lawsuit in violation of Rule 84.19. *Evans*, 323 S.W.3d at 795-96. As we stated in that case regarding *Snelling I* and *Snelling II*: "These decisions remain the law of this case on all points decided and on all issues that could have been raised. We are prohibited from reconsidering the merits of these orders and judgments." *Snelling III* (No. ED94106, memorandum at 4) (citation omitted). That remains the case. Appellant's arguments present no justiciable questions and are so readily recognizable as devoid of merit on the face of the record that there is little prospect that they can ever succeed. *See Aldi, Inc.*, 971 S.W.2d at 912. Appellant's repeated attempts at beating the same proverbial dead horse demonstrate he intends to pursue further frivolous claims arising out of these same facts in the future. *See Hardin*, 178 S.W.3d at 578.

While this Court recognizes the importance of litigants' right to seek redress in the courts, frivolous litigation and appeals which waste scarce judicial resources are not simply a burden, but also distract the judiciary from the cases of others who may have legitimate claims. As such, sanctions are appropriate relative to the remaining Respondents in this case.

16

### III. CONCLUSION

The trial court's judgments granting the motions to dismiss filed by Respondents Larry T. McFadden, Eufabya McFadden, Kenny, Armstrong Teasdale, the Riverfront Times, Thompson Coburn, Sableman, Nepple, Beck, Durr, Barnes-Jewish Hospital, Fishman, and the Fishman Law Firm are affirmed. For filing a frivolous lawsuit in violation of Rule 84.19, Appellant is ordered to pay each Respondent, and each Respondent shall have judgment against him as follows: $750 to Larry T. McFadden, $750 to Eufabya McFadden, $750 to Kenny, $750 to Armstrong Teasdale, $500 to the Riverfront Times, $500 to Thompson Coburn, $500 to Sableman, $500 to Nepple, $500 to Beck, $500 to Durr, $250 to Barnes-Jewish Hospital, $250 to Fishman, and $250 to the Fishman Law Firm, resulting in a total sanction of $6,750.

_____
ROBERT M. CLAYTON III, Presiding Judge

Lawrence E. Mooney, J., and
James M. Dowd, J., concur.

17