

# Missouri Court of Appeals
## Southern District
### Division One

AMANDA M. MCGINNIS, )
)
      Claimant-Appellant, )
v. ) No. SD34300
) Filed: June 7, 2016
T-MOBILE USA, INC., )
)
      Employer, )
)
and STATE OF MISSOURI, )
DIVISION OF EMPLOYMENT )
SECURITY, )
)
      Respondent-Respondent. )

### APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

**APPEAL DISMISSED**

      After the Labor and Industrial Relations Commission (Commission) dismissed the claim for unemployment benefits of Amanda McGinnis (Claimant), she filed a notice of appeal. Because Claimant fails to challenge the issue actually determined by the Commission, her appeal must be dismissed.

      Claimant filed a claim for unemployment benefits following the termination of her employment with T-Mobile USA, Inc. A deputy determined that Claimant was disqualified from receiving benefits because she was discharged for misconduct connected

with work.  Claimant filed an appeal from the deputy's determination, and a telephone hearing was scheduled before an Appeals Tribunal.  After Claimant failed to call and participate in the telephone hearing, the Appeals Tribunal dismissed her appeal.  Claimant requested reconsideration of the dismissal.  The Appeals Tribunal found that Claimant did not show good cause for failing to participate in the telephone hearing, and reinstated the order of dismissal.  Thereafter, Claimant filed an application for review with the Commission.  The Commission affirmed and adopted the Appeals Tribunal's decision.  This appeal followed.

The only issue presented in the argument portion of Claimant's *pro se* brief is that the Commission erred by concluding that Claimant committed misconduct.[1]  "On appeal, this Court may only address those issues determined by the Commission and may not consider any issues that were not before the Commission."  *Morgan v. Psych Care Consultants, LLC*, 341 S.W.3d 217, 218 (Mo. App. 2011).  If a claimant does not address on appeal the issues decided by the Commission, then the claimant is deemed to have abandoned the appeal.  *Id*.; *Hauenstein v. Houlihan's Restaurants, Inc.*, 381 S.W.3d 380, 380-81 (Mo. App. 2012).

In this appeal, Claimant has only challenged the determination of the merits of her claim for unemployment benefits.  The Commission, however, did not decide the claim on that ground.  Instead, the only issue the Commission decided was whether the claim was properly dismissed due to Claimant's failure to call and participate in the telephone hearing.  Because Claimant does not challenge on appeal the actual basis for the

---

[1]  Another portion of the brief presents two similar questions for review, both of which concern misconduct:  (1) "Did the Employment Appeals Board make an error in finding that petitioner's action constituted misconduct in the state of MO" and (2) "Did the Employment Appeals Board err in finding that petitioner willfully missed work with time off when none was available?"

Commission's dismissal of her claim, there is no issue for this Court to review. Therefore, we must deem her appeal abandoned. *See* ***Carter v. Cott Beverages, Inc.***, 471 S.W.3d 724, 725 (Mo. App. 2015).

Appeal dismissed.


JEFFREY W. BATES, J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCUR

MARY W. SHEFFIELD, C.J. – CONCUR