**NORTHEAST PUBLIC SEWER DISTRICT OF JEFFERSON COUNTY, Missouri, a Public Sewer District, Appellant,**

v.

**William FEUCHT, Respondent.**

No. ED 104862

Missouri Court of Appeals, Eastern District, DIVISION ONE.

Filed: December 19, 2017

ATTORNEYS FOR APPELLANT: Robert K. Sweeney, Allison M. Sweeney, P. O. Box 20, Hillsboro, MO 63050.

ATTORNEYS FOR RESPONDENT: William Feucht, pro se, 1981 Westbourne Way, Fenton, MO 63026.

ROBERT G. DOWD, JR., Presiding Judge

The Northeast Public Sewer District of Jefferson County ("Appellant") appeals from the judgment entered after a jury trial awarding $11,500 to William Feucht, the owner of land Appellant had condemned for a sewer easement. On appeal, Appellant argues that the court erred in allowing Feucht to testify about his military service because the probative value of that evidence was outweighed by its prejudicial effect. This issue has not been properly preserved for appeal, and we find no error in its admission in any case. Moreover, we find the appeal is frivolous and award damages as a result.

Appellant took an easement on Feucht's property by condemnation proceeding, and he was awarded $570. He filed an exception to that amount as inadequate and sought a jury trial on the issue of damages. Feucht testified at trial to the "before and after value" of the taken property and sought $11,500 to compensate him for

the loss in value. Feucht testified about his qualifications to give that valuation: he was the owner of the property, he was a carpenter and built his own home and he was an accountant in the Marine Corps. Feucht was cross-examined about his valuation, but not his qualifications. The jury ultimately returned a verdict of $11,500 for Feucht.

Appellant's sole point on appeal is that the trial court "erred in allowing testimony regarding [Feucht's] military service" because it was irrelevant. First, this issue was not preserved for appellate review. When Feucht's counsel indicated before the start of evidence that she intended to use an exhibit during Feucht's testimony, Appellant's counsel said he "may have an objection to one or two of these slides" and then indicated "I guess page four . . . I can't imagine what this Marine thing is . . . I don't know what relevance that has to this case." Feucht's counsel answered "his credibility," and the court stated counsel was "entitled to lay some background." Then Feucht testified, first about his qualifications. Among other things, he stated that he was an account clerk in the Marine Corps and received a meritorious promotion based on the good job he did in that position. No objection was made to this testimony. Shortly thereafter, the exhibit discussed earlier was offered for admission, and Appellant's counsel affirmatively stated there was "no objection at this time." The exhibit contained, among other things, a copy of Feucht's meritorious promotion certificate from the Marine Corps, the details of which all related to Feucht's contributions to a fiscal inspection. The certificate was read into the record. Again there was no objection.

Counsel's vague objection to "this Marine thing" preserved at most only a challenge to the reference to military service *in the exhibit*—an objection that was waived when the exhibit was actually offered for admission and counsel said "no objection." *See In re Marriage of Witt*, 487 S.W.3d 519, 524 (Mo. App. S.D. 2016) (affirmative "no objection" waives appellate review). This objection did not encompass the category of evidence relating to Feucht's military service, such that it would also apply to any *testimony* on the subject, which is the only type of evidence challenged on appeal. *See Host v. BNSF Railway Company*, 460 S.W.3d 87, 107 (Mo. App. W.D. 2015) (objection to exhibit did not preserve error in admission of related testimony). There was never any objection to the testimony about Feucht's military service. Moreover, there was no motion for new trial filed in this case, and thus no allegations of error relating to the admission of *any* evidence in this jury-tried case were preserved for review. *See* Rule 78.07.

Even if we were to review the merits of this claim, we would find the evidence admissible. First, contrary to Appellant's characterization, there was not "extensive" testimony about Feucht's meritorious service in the Marine Corps. Rather, there were a few lines of testimony about Feucht's job as an accounting clerk when he was a Marine and his promotion based on his performance in that position. Moreover, regardless of how much evidence there was on this topic, none of it was irrelevant character evidence. Rather, it was clearly relevant to the central issue in the case: his job as an accountant in the service added to his qualifications to testify about the value of his property before and after the condemnation. Appellant has wholly failed to demonstrate that the probative value of this evidence was outweighed by its prejudicial impact.

At oral argument on appeal, Feucht represented himself and respectfully suggested this appeal was frivolous

and perhaps damages were warranted.[1] We agree. "If an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court deems just and proper." Rule 84.19. We may impose sanctions under Rule 84.19 against either a party or counsel. *In re Gianella*, 111 S.W.3d 416, 420 (Mo. App. E.D. 2003). We recognize this is a drastic remedy and exercise our discretion to assess these damages with great caution. *See Snelling v. Kenny*, 491 S.W.3d 606, 616 (Mo. App. E.D. 2016). "An appeal is frivolous if it presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed." *Id.* The purpose of sanctions is two-fold: 1) to prevent congestion of appellate court dockets with cases devoid of merit, which wastes judicial resources, and 2) to compensate respondents for incurring expenses defending judgments against meritless issues. *Id.*

Here, counsel failed to take even the most basic steps to preserve the challenge properly for appeal. The only objection made at trial was to the exhibit—not the challenged testimony—and it was so vague as to just barely indicate that the challenge was to relevancy of military service and was, in any case, later waived by the statement of no objection and the failure to file a motion for new trial. This careless attitude toward preservation continued on appeal.[2] Counsel failed to demonstrate that the alleged error was preserved in the opening brief, as required by Rule 84.04(e), allowing for an inference of bad faith. *See Nolfo v. Dubin*, 861 S.W.2d 136, 139-40 (Mo. App. E.D. 1993) ("although failure to comply with the rules governing appeals does not, by itself, render an appeal frivolous, omissions from the record may support an inference of bad faith").[3] After Feucht pointed out the lack of preservation in his *pro se* respondent's brief, the reply was simply to insist that the one objection that was raised was timely and specific enough. At oral argument, Appellant's counsel was directly asked about the statement of "no objection" to the admission of the exhibit and the lack of a separate objection to any of the testimony.[4] Counsel's responses continually circled back to the original objection, and she provided little in the way of justification for the lack of preservation. *See Stiens v. Stiens*, 231 S.W.3d 195, 200 (Mo. App. W.D. 2007) (awarding damages for frivolous appeal where allegations of error on appeal not preserved for review). As to the merits, the insistence that this evidence was offered solely to bolster credibility is belied by the transcript. Feucht was asked about his Marine Corps service expressly

---

1. Even if he had not requested it, this Court also has the authority to award such damages on our own motion *sua sponte. See, e.g., Promotional Consultants, Inc. v. Logsdon*, 25 S.W.3d 501, 506 (Mo. App. E.D. 2000).

2. Appellant was represented at trial and on appeal by The Sweeney Law Firm, both Robert Sweeney and Allison Sweeney appearing as the attorneys of record at all stages of the case. Robert Sweeney tried the case in the circuit court, and Allison Sweeney orally argued the case before this Court.

3. The statement of facts in Appellant's brief also violates Rule 84.04(c) in that it contains only one sentence that is relevant to the questions presented for determination: "Over Respondent/Defendant's objection, the Court allowed extensive testimony regarding Respondent/Defendant's military service." This is not factually accurate—there was no objection to the testimony, and the testimony was not extensive—much less does it provide all of the facts that would be required to determine the relevancy of the allegedly erroneously admitted evidence.

4. At oral argument, counsel seemed to believe there was no such "no objection" statement made at trial. Counsel is directed to page 160 of the transcript.

to establish his qualifications as an expert on the value of his property. In fact, there is no explanation in the Appellant's brief as to why his service is not probative of his qualifications, which may suggest a lack a good faith belief in the merits of the appeal.

It is clear on the face of this record that due to both the lack of merit and the lack of preservation, there was no prospect of success on this appeal. We find that it was counsel's lack of professional effort in presenting a meritorious appeal that has wasted judicial resources and forced Feucht to incur unnecessary expense in defending it. There being no indication that counsel's deficient performance was attributable to the client, the damages are to be paid by counsel, not Appellant. *See Ampleman v. Scheweppe*, 972 S.W.2d 329, 333 (Mo. App. E.D. 1998) ("Sanctions are most often imposed on the attorney because the attorney, rather than the client, normally decides what legal arguments to present on appeal.") Though Feucht has no attorney fees and has not requested a particular amount of damages, he certainly had some costs associated with preparing and filing his respondent's brief and traveling to orally argue this case.[5] Thus, we find $350 an amount that is just and proper under these circumstances.

The judgment is affirmed, and The Sweeney Law Firm is ordered to pay $350 directly to William Feucht.

Sherri B. Sullivan, J. and Kurt S. Odenwald, J., concur.

---

5. We commend Feucht on an excellent presentation of his position at oral argument despite the lack of any formal legal training.