VICTOR C. HOWARD, JUDGE
H.P. (Mother) appeals from the circuit court's order temporarily suspending her contact with her son, B.P. She contends that substantial evidence did not support the order. The appeal is dismissed.
Background
This is an ongoing juvenile case. It began in October 2016 when the Juvenile Officer filed a delinquency petition alleging that twelve-year-old B.P. committed the class D felony of tampering with a motor vehicle and the class B misdemeanor of property damage. An adjudication and disposition hearing was held in January 2017, and B.P. admitted the allegations. The circuit court entered judgment assuming jurisdiction over B.P. pursuant to section *787 211.031.1,[1] making B.P. a ward of the court, placing him in the custody of Mother under the supervision of Mother and the Juvenile Officer, placing him on formal probation, and ordering B.P. to abide by the special conditions of intensive supervision services, community service, and counseling as arranged by his parents.
In March 2017, the Juvenile Officer filed a motion to modify the order of disposition alleging that B.P. committed the class B misdemeanor of property damage in January 2017. The Juvenile Officer further alleged neglect and failure to support by Mother. Specifically, it alleged that Mother is unable to provide proper supervision as B.P. repeatedly absconds from home for extended periods of time, Mother refuses to assist Juvenile Officer or law enforcement when B.P. absconds from home, Mother has been unable to provide counseling for B.P. as ordered by the court, Mother has failed to follow through with proper procedures for homeschooling, and Mother has failed to report the child as a runaway on multiple occasions. The circuit court entered an order of protective custody ordering B.P. immediately delivered to the legal and physical custody of the Children's Division with visitation to Mother as agreed by the Children's Division, the Guardian Ad Litem, and the Juvenile Officer.
An adjudication and disposition hearing was held the next month. Following the hearing, the circuit court entered judgment on April 21, 2017, finding that all of the allegations regarding Mother in the motion to modify were proven by clear, cogent, and convincing evidence and assuming jurisdiction over B.P. pursuant to section 211.031.1(1) and making him a ward of the court. It placed B.P. in the legal and physical custody of the Children's Division with the conditions that the Children's Division provides efforts toward reunification and visitation with Mother as agreed by the Children's Division, Guardian Ad Litem, and Juvenile Officer. Mother filed a motion to reconsider the judgment six days later.
On June 13, 2017, the Juvenile Officer filed a motion to temporarily suspend contact with Mother alleging that B.P. expressed that he doesn't want contact with Mother, post interaction with Mother, B.P. displays an escalation of negative behaviors, and Mother verbally expressed her unwillingness to comply with the family support team's written service agreement including individual therapy and appropriate verbal interaction with B.P. On June 20, 2017, a hearing was held on the motion to suspend contact along with the Guardian Ad Litem' motion to change of placement seeking immediate placement of B.P. with his father on a trial home placement. That day, the circuit court granted the motion to temporarily suspend contact with Mother and the motion for trial home placement with B.P.'s father pending outcome of a background check through the Children's Division.
The next day, June 21, 2017, Mother filed her notice of appeal appealing the April 21, 2017 judgment.
Thereafter, in three case review hearings on July 11, 2017, August 8, 2017, and September 5, 2017, the circuit court continued trial home placement of B.P. with his father in conjunction with no contact with Mother.[2]
On December 5, 2017, the circuit court conducted a permanency hearing and entered an order finding that the permanency plan is reunification. It found that B.P.
*788 remains placed in the legal and physical custody of the Children's Division and his father with continuation of trial home placement with his father. The court further ordered that the Children's Division provide efforts toward reunification and reinstated visitation with Mother as agreed by the Children's Division, Guardian Ad Litem, and Juvenile Officer.
Later that month, the Juvenile Officer filed a motion to modify the previous order of disposition alleging that B.P.'s father refuses to provide proper care, custody, or control of B.P. and has requested he be removed from his home. The circuit court entered an order of protective custody ordering B.P. immediately delivered to the legal and physical custody of the Children's Division with visitation to Mother as agreed by the Children's Division, the Guardian Ad Litem, and the Juvenile Officer.
On January 5, 2018, Mother filed a motion for reconsideration of placement seeking placement of B.P. with her. A hearing was held on the motion on February 6, 2018. The circuit court ordered that B.P. is continued as a ward of the court and released him into the physical custody of Mother. It further ordered GPS monitoring of B.P. and that Mother enroll B.P. in school and B.P. attend school. The Juvenile Officer dismissed its December 2017 motion to modify.
On February 28, 2018, the Juvenile Officer filed a motion to modify the previous order of disposition alleging that B.P. committed two counts of the class B misdemeanor of peace disturbance on February 20, 2018. An adjudication hearing is scheduled for April 2018.
Point on Appeal
In her sole point on appeal, Mother contends that the circuit court erred in granting the Juvenile Officer's motion to temporarily suspending her contact with her son on June 20, 2017, because substantial evidence did not support the order. Mother's appeal, however, must be dismissed.
Under Rule 81.04(a), a notice of appeal must specify "the judgment, decree, or order appealed from." See also Powell v. City of Kansas City , 472 S.W.3d 219, 229 (Mo. App. W.D. 2015) (discussing the previous version of the rule number 81.08(a)). An appellate court is "confined to review the decision identified in the notice of appeal." Powell , 472 S.W.3d at 229 (internal quotes and citation omitted). The notice of appeal in this case refers only to the April 21, 2017 adjudication and disposition judgment. It does not mention the June 20, 2017 order, which clearly modified the April 21 judgment granting Mother visitation with B.P. In addition, the April 21, 2017 judgment was the only judgment or order attached to the notice of appeal. Because Mother failed to reference the June 20, 2017 order temporarily suspending her contact with her son in her notice of appeal or attach that order to her notice, her claim on appeal related thereto is not properly preserved for review and, therefore, must be dismissed. Id.
Furthermore, even if Mother's claim had properly been preserved for appellate review, it is moot. "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy. When an event occurs which renders a decision unnecessary, the appeal will be dismissed." Mo. Mun. League v. State , 465 S.W.3d 904, 906 (Mo. banc 2015) (internal quotes and citation omitted). An event rendering a decision unnecessary may occur at any time, including on appeal. Id. "Even a case vital at inception of the appeal may be mooted by an intervenient event which so alters the position of the parties that any judgment rendered merely becomes a *789 hypothetical opinion." Id. (internal quotes and citation omitted).
As noted above, the underlying juvenile case is ongoing. Six months after Mother filed her notice of appeal, the circuit court conducted a permanency hearing and entered an order finding that the permanency plan is reunification. It continued the trial home placement with B.P.'s father and reinstated visitation with Mother as agreed by the Children's Division, Guardian Ad Litem, and Juvenile Officer. In February of 2018, upon Mother's motion for reconsideration of placement, the circuit court released B.P. into her physical custody. At oral argument in this appeal, the parties acknowledged that B.P. remained in Mother's custody. Consequently, resolution by this court of Mother's assertion of error regarding the temporary suspension of her contact with B.P. in June 2017 would not have any practical effect upon any existing controversy. The issue in Mother's point on appeal is moot, and this court will not address it.
The appeal is dismissed.
All concur.

All statutory references are to RSMo. 2016 as updated by the 2017 Supplement.

The circuit court also denied Mother's motion for reconsideration on July 11, 2017.