

# In the Missouri Court of Appeals Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| MARJORIE RICHARDSON, | ) | No. ED107119 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| vs. | ) | 2029564 |
| | ) | |
| DIVISION OF EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Respondent. | ) | Filed:  April 16, 2019 |

Marjorie Richardson ("Appellant"), acting pro se, appeals the decision of the Labor and Industrial Relations Commission ("the Commission") denying her unemployment benefits. Because Appellant's appeal so substantially fails to comply with the mandatory requirements of Missouri Supreme Court Rules 100.02 and 84.04 (2018)[1] that it preserves nothing for our review, we dismiss the appeal.

## I.      DISCUSSION

Initially, we note Appellant's appeal fails to comply with Rule 100.02(c).  Rule 100.02(c) requires an appellant seeking review of an administrative agency decision to specify in her notice of appeal "the decision sought to be reviewed[.]"  Rule 100.02(c); *Hoenig v. Corrigan Bros., Inc.*, 983 S.W.2d 526, 528 (Mo. App. E.D. 1998); *see also Bird v. Missouri Bd. of Architects, Professional Engineers, Professional Land Surveyors and Landscape Architects*, 259 S.W.3d

---

[1] Unless otherwise indicated, all references to Rules are to Missouri Supreme Court Rules (2018).

516, 520 n.6 (Mo. banc 2008) (Rule 100.02 sets forth the procedural requirements of appeals taken from an administrative agency). We are "confined to review the decision identified in the notice of appeal." *See In Interest of: B.P.*, 547 S.W.3d 785, 788 (Mo. App. W.D. 2018) (quotations omitted) (similarly holding with respect to Rule 81.04(a), the corresponding rule governing appeals from a trial court); *Powell v. City of Kansas City*, 472 S.W.3d 219, 229 (Mo. App. W.D. 2015) (similarly holding as to a former version of the rule governing appeals from a trial court).[2]

The notice of appeal filed by Appellant in this case only refers to the Commission's August 22, 2018 decision denying her unemployment benefits. Similarly, the Commission's decision is the only decision attached to Appellant's notice of appeal. Accordingly, Appellant identified the Commission's decision as the only decision for which review is sought, and our review on appeal is confined to that decision. *See id*.; Rule 100.2(c). However, Appellant's brief does not discuss Appellant's proceedings before the Commission and fails to assert a claim on appeal challenging the Commission's decision. Instead, Appellant's brief solely refers to a separate civil case that she apparently brought against her former employer alleging workplace discrimination and harassment claims although that purported judgment is not mentioned in her notice of appeal. In particular, the sections of Appellant's brief containing the statement of the case, procedural history, argument, and conclusion, as well as the relief requested by Appellant, all pertain to this separate civil case. Because Appellant fails to reference or attach a judgment,

---

[2] Rule 81.04(a), providing the requirements for a notice of appeal when an appeal is taken from a trial court, requires an appellant to specify "the judgment, decree, or order appealed from[.]" *See* Rule 81.04(a). Similarly, Rule 100.02(c), providing the requirements for a notice of appeal when an appeal is taken from an administrative agency, requires an appellant to specify "the decision sought to be reviewed[.]" *See* Rule 100.02(c). Because the requirement in Rule 81.04(a) has been interpreted to limit an appellate court's review solely to the trial court decision(s) identified in the notice of appeal, we find the same requirement in Rule 100.02(c) would likewise limit our review to the administrative agency decision(s) identified in the notice of appeal. *See* Rule 100.02(c); Rule 81.04(a); *B.P.*, 547 S.W.3d at 788; *see also Powell*, 472 S.W.3d at 229.

decree, or order related to her civil action in her notice of appeal, and because we are confined only to reviewing the Commission's decision but Appellant's brief does not assert a claim on appeal challenging that decision, Appellant has failed to preserve anything for our review and her appeal must be dismissed. *See B.P.*, 547 S.W.3d at 788 (similarly finding the appellant's claim must be dismissed under Rule 81.04(a) because it related to an order not attached to her notice of appeal).[3]

Further compelling our decision that dismissal is necessary in this case, we find Appellant has failed to comply with the mandatory briefing requirements of Rule 84.04. Pro se appellants are held to the same standards as attorneys with respect to the mandatory appellate briefing requirements set forth in Rule 84.04. *Hamilton v. Archer*, 545 S.W.3d 377, 379, 379 n.1 (Mo. App. E.D. 2018) (similarly finding with respect to Missouri Supreme Court Rule 84.04 (2016)); *see generally* Rule 84.04. "Judicial impartiality, judicial economy, and fairness to all parties necessitates that we do not grant pro se litigants preferential treatment with regard to their compliance with those procedural rules." *Hamilton*, 545 S.W.3d at 379 (emphasis and quotations omitted). Although our Court prefers to dispose of a case on the merits whenever possible, we must dismiss the appeal if the deficiencies in the appellant's brief are such that no claims are preserved for appellate review. *Id*.

Appellant's brief fails to comply with Rule 84.04 in multiple respects. Rule 84.04(a)(4) requires an appellant's brief to include the points relied on in the appeal. Rule 84.04(a)(4).

---

[3] Although Missouri courts have been lenient with respect to an appellant's failure to specify the decision sought to be reviewed when the lack of specificity does not prejudice the other party, *see Powell*, 472 S.W.3d at 229 and *Hoenig*, 983 S.W.2d at 528, we do not consider leniency warranted under the circumstances of this case. Here, we find the Division of Employment Security ("Respondent") would be prejudiced if we were to review Appellant's claim arising from her civil case because there is no indication Respondent was a party to this separate action and none of the filings or court orders related to it have been made a part of our record on appeal. Further, Respondent's brief does not discuss Appellant's civil case, as it focuses solely on the Commission's decision to deny Appellant unemployment benefits.

Further, Rule 84.04(d)(2) sets forth the specific requirements for each point relied on. *See* Rule 84.04(d)(2)(A-C). In this case, Appellant's brief did not include any points relied on, much less a point relied on that satisfied the requirements of Rule 84.04(d)(2). As such, Appellant has wholly failed to comply with Rules 84.04(a)(4) and 84.04(d)(2). *See* Rule 84.04(a)(4); Rule 84.04(d)(2)(A-C); *see also Prock v. Hartville Feed, LLC*, 356 S.W.3d 839, 845 (Mo. App. S.D. 2012) (an issue not set forth in a point relied on is not preserved for appellate review). Additionally, Appellant's brief fails to comply with Rule 84.04(e), which provides the requirements for the argument portion of an appellant's brief. *See* Rule 84.04(e); *see also Hamilton*, 545 S.W.3d at 380; *Davis v. Long*, 391 S.W.3d 532, 533 (Mo. App. E.D. 2013). We find Appellant's argument fails to comply with Rule 84.04(e) in that it, *inter alia*, fails to describe whether the alleged errors were preserved and does not advise our Court how the facts of Appellant's case and the principles of law interact. *See* Rule 84.04(e); *see also Davis*, 391 S.W.3d at 533. Moreover, Appellant's argument fails to either cite to legal authority or explain why supporting authority is not available. *See Hamilton*, 545 S.W.3d at 380.

In sum, Appellant's brief so substantially fails to comply with the mandatory briefing requirements of Rule 84.04 that it preserves nothing for our review. *See id*. at 379-81 (similarly finding the appellant's failure to satisfy the requirements of Rules 84.04(d) and 84.04(e) (2016) compelled dismissal); *Davis*, 391 S.W.3d at 532-33 (similarly finding the appellant's failure to comply with Rules 84.04(d) and 84.04(e) (2012) required dismissal); *Moreland v. Division of Employment Sec.*, 273 S.W.3d 39, 41 (Mo. App. W.D. 2008) (similarly finding the appellant's failure to comply with former versions of Rules 84.04(a)(4) and 84.04(d) justified dismissal). For this reason, Appellant's appeal must be dismissed. *See id*.

4

## II.    CONCLUSION

Based on the foregoing, Appellant's appeal is dismissed.


_____
ROBERT M. CLAYTON III, Judge

Roy L. Richter, P.J., and
Angela T. Quigless, J., concur.

5