

# In the Missouri Court of Appeals
## Eastern District

**DIVISION TWO**

| | | |
|---|---|---|
| LATANYA TOWNSEND, | ) | No. ED110085 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| vs. | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Respondent. | ) | FILED: October 18, 2022 |

## Introduction

Latanya Townsend ("Townsend") appeals from the decision of the Labor and Industrial Relations Commission (the "Commission") denying her unemployment benefits. The Division of Employment Security (the "Division") maintains Townsend voluntarily quit her job without good cause. Because the briefing does not substantially comply with the mandatory requirements of Rule 84.04,[1] the appeal preserves nothing for our review. Accordingly, we dismiss the appeal.

## Discussion

For us to review an appeal, the appellant must comply with the minimum requirements for appellate briefing set forth in Rule 84.04. Freeland v. Div. of Emp. Sec., 647 S.W.3d 22, 24 (Mo. App. W.D. 2022) (quoting Murphree v. Lakeshore Est., LLC, 636 S.W.3d 622, 623–24

---

[1] All Rule references are to Mo. R. Civ. P. (2022).

(Mo. App. E.D. 2021)).  An appellant's failure to adhere to the briefing standards outlined in Rule 84.04 preserves nothing for appeal and is grounds for dismissal.  Indelicato v. McBride & Son Mgmt. Co., LLC, 646 S.W.3d 305, 307 (Mo. App. E.D. 2022) (quoting Hoover v. Hoover, 581 S.W.3d 638, 640 (Mo. App. W.D. 2019)).

"Rule 84.04 is not merely a rule of technicalities" but instead "serves several necessary functions."  Freeland, 647 S.W.3d at 24 (quoting Murphree, 636 S.W.3d at 624).  "[C]ompliance with Rule 84.04 ensures that the opposing party is adequately informed of the precise matters in contention and informs this Court of the issues for review."  Id. (quoting Murphree, 636 S.W.3d at 624).  "Perhaps even more importantly, an appellant's compliance with Rule 84.04 is necessary to ensure that this Court retains its role as a neutral arbiter."  Id. (quoting Murphree, 636 S.W.3d at 624).  "Deficient briefing runs the risk of forcing this Court to assume the role of advocate by requiring us to sift through the legal record, reconstruct the statement of facts, and craft a legal argument on the appellant's behalf."  Id. (quoting Murphree, 636 S.W.3d at 624).  "This requires this Court to speculate as to the facts and arguments that may have been asserted."  Id. (quoting Murphree, 636 S.W.3d at 624).  "If this Court cannot reach the merits without supplementing the appellant's legal arguments, then nothing has been preserved for review."  Id. (quoting Murphree, 636 S.W.3d at 624).

Further, "[p]ro se appellants must follow the same rules of procedure as parties represented by attorneys, and they are not entitled to exceptions they would not receive if represented by counsel."  Id. at 26 (quoting Barbero v. Wilhoit Props., Inc., 637 S.W.3d 590, 595 (Mo. App. E.D. 2021)); Indelicato, 646 S.W.3d at 307 (citing Hoover, 581 S.W. at 640).  "Our application of the rules stems not from a lack of sympathy, but instead from a necessity for judicial impartiality, judicial economy, and fairness to all parties."  Freeland, 647 S.W.3d at 26

(quoting Barbero, 637 S.W.3d at 595). "Although our Court prefers to dispose of a case on the merits whenever possible, we must dismiss the appeal if the deficiencies in the appellant's brief are such that no claims are preserved for appellate review." Richardson v. Div. of Emp. Sec., 573 S.W.3d 125, 128 (Mo. App. E.D. 2019) (internal citation omitted).

Townsend's amended pro se appeal from the Commission's denial of unemployment benefits fails to comply with Rule 84.04 in numerous respects and deprives this Court the opportunity to meaningfully review the case. See id.; see also Murphree, 636 S.W.3d at 624. As the Division notes in its motion to dismiss the appeal, which we took with the case, the contents of Townsend's brief are deficient under Rule 84.04(a) in omitting a table of statutes or other authorities as well as in combining the table of contents for the brief and the appendix, which also violates Rule 84.04(h)'s requirement for a separate appendix to be filed with its own table of contents. See Rule 84.04(a), (h). The jurisdictional statement does not meet the minimum requirements of Rule 84.04(b) because it states only Townsend's argument and does not provide a statement of jurisdiction. See Rule 84.04(b). Additionally, the brief statement of facts does not consist of "a fair and concise statement of the facts relevant to the questions presented for determination without argument" and lacks any citations to the record on appeal. See Rule 84.04(c) (requiring that "[a]ll statements of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits"). "A violation of Rule 84.04(c), standing alone, constitutes grounds for dismissal of an appeal." Indelicato, 646 S.W.3d at 307 (internal quotation omitted).

Next, although the point relied on identifies the challenged ruling and claims it was contrary to law and not based on competent or substantial evidence, the point fails to "[e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of

3

reversible error." Rule 84.04(d)(2). In this way, the point relied on fails to adequately state the "in that" requirements of the rule. See T.G. v. D.W.H., 648 S.W.3d 41, 48 (Mo. App. E.D. 2022). The point is further deficient because it omits a "list of authorities, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." Rule 84.04(d)(5); see also Carruthers v. Serenity Mem'l Funeral & Cremation Servs., LLC, 576 S.W.3d 301, 305 (Mo. App. E.D. 2019) (internal quotation omitted) ("[A]n appellant must cite legal authority to support [her] points relied on if the point is one in which precedent is appropriate or available; if no authority is available, an explanation should be made for the absence of citations."). Indeed, Townsend identifies no legal authority in support of her allegation that the Commission impermissibly put the burden on her to prove she did not voluntarily quit without good cause, and the absence of citations is unexplained. See Carruthers, 576 S.W.3d at 305.[2] The point relied on is deficient in multiple respects, and "[a] point relied on that fails to comply with Rule 84.04(d) preserves nothing for appeal" and warrants dismissal. Indelicato, 646 S.W.3d at 307 (internal quotation omitted).

We further note that the argument section of the brief does not limit the discussion to the error raised in Townsend's point relied on and neglects to include either the applicable standard of review or a statement of how the error was preserved for review. See Rule 84.04(e). "Both of these items are required by Rule 84.04(e), and both are essential to this Court's review of the case." Murphree, 636 S.W.3d at 625. Further, the argument fails to "explain why, in the context of the case, the law supports the claim of reversible error by showing how the principles of law and the facts of the case interact." Indelicato, 646 S.W.3d at 307 (quoting Burgan v. Newman,

---

[2] The absence of legal citations may in part be attributable to the fact that Townsend's allegation is contrary to law. See, e.g., Koenen v. BRG Liberty, LLC, 647 S.W.3d 47, 59 (Mo. App. E.D. 2022) (internal quotation omitted) ("[W]here an employer claims the employee voluntarily left without good cause, the employee/claimant has the burden of proving eligibility for unemployment benefits.").

4

618 S.W.3d 712, 715 (Mo. App. E.D. 2021)). "It is not our duty to supplement the deficient brief with our own research, thus noncompliance with Rule 84.04(e) justifies dismissal." Murphree, 636 S.W.3d at 625 (quoting Burgan, 618 S.W.3d at 716).

While we have discretion to review a brief that has deficiencies under Rule 84.04 when its argument is readily understandable, "notwithstanding *minor* shortcomings" in complying with the rules of appellate procedure, "when the deficiencies affect our ability to understand and adequately address the claims of error, the brief preserves nothing for review." Murphree, 636 S.W.3d at 624 (internal quotations omitted). After our review of the record and Townsend's brief, we are challenged to find that the nature of Townsend's claim and argument on appeal is that which was presented before the Division. The record lists multiple claims and renewed claims for unemployment benefits against different employers. The claims for unemployment benefits, questionnaire, and online appeal filed by Townsend address her dissatisfaction with her work schedule with Aureus Medical,[3] in particular her desire to work on day shifts as opposed to night shifts. Yet in her appeal before us, Townsend alleges she was fired after being falsely accused of smelling of marijuana—an issue not raised in her claim for unemployment benefits. We acknowledge that the record and transcript are confusing at times in their reference to both Aureus Medical and Opusing LLC as Townsend's employer. This lack of clarity may be the genesis of some of the substantial deficiencies of Townsend's brief. But despite this confusion, what is clear is that Townsend filed her claim and sought unemployment benefits following the end of her employment with Aureus Medical and stated her reason for leaving the employ of Aureus Medical was her dissatisfaction with working the night shift and preference for working the day shift. The claim Townsend filed with the Division makes no reference to being

---

[3] Townsend's employer is referred to as both Aurues Medical and Aureus Medical in the legal file. We will limit our reference to Aureus Medical for consistency.

discharged due to either using or smelling of marijuana. The record reflects that the Division determined Townsend was disqualified from receiving unemployment benefits because she voluntarily left her employment with Aureus Medical without good cause because she was dissatisfied with the shift schedule. The Commission reviewed the same issue relating to Aureus Medical. Critical to her appeal, the record simply lacks any reference to the alleged marijuana use that Townsend now asserts on appeal was the reason for her involuntary separation and the basis for her unemployment claim. Saliently, in addition to the many briefing deficiencies, Townsend's brief simply does not present a factual basis for us to consider this appeal. See McGinnis v. T–Mobile USA, Inc., 492 S.W.3d 202, 203 (Mo. App. S.D. 2016) (quoting Morgan v. Psych Care Consultants, LLC, 341 S.W.3d 217, 218 (Mo. App. E.D. 2011)) ("On appeal, this Court may only address those issues determined by the Commission and may not consider any issues that were not before the Commission.").

In conclusion, although we dismiss appeals only with great reluctance given our stated preference for reaching the merits if the briefing so allows, Townsend's brief so substantially fails to comply with the mandatory briefing requirements of Rule 84.04 that we cannot undertake review without going outside the record on appeal and improperly assuming the role of advocate in order to decipher her argument. See Indelicato, 646 S.W.3d at 308; Murphree, 636 S.W.3d at 626. Accordingly, we must grant the Division's motion to dismiss the appeal. See Freeland, 647 S.W.3d at 26 (citing Murphree, 636 S.W.3d at 626); Richardson, 573 S.W.3d at 128 (internal citation omitted).

<u>Conclusion</u>

Based on the foregoing, the appeal is dismissed.

_____
KURT S. ODENWALD, Judge

6

Lisa P. Page, P.J., concurs.
Thomas C. Clark II, J., concurs.