

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FIVE

PROGRESSIVE CASUALTY INSURANCE COMPANY, )      No. ED110432

)

Respondent, )      Appeal from the Circuit Court
)      of St. Louis County

vs. )

)      Honorable Ellen H. Ribaudo

KENNETH MOORE, )

)

Appellant, )

and )

LASHUN GIVANDS, )

)

Respondent. )      FILED: February 28, 2023

## Introduction

Kenneth Moore, Jr. ("Moore") appeals from the circuit court's judgment in an interpleader action filed by Progressive Casualty Insurance Company ("Progressive") arising out of a motor vehicle incident involving Moore's father, Kenneth Moore, Sr., ("Decedent") and Lashun Givands ("Givands"). Moore's brief fails to comply with the mandatory rules governing the content of appellate briefs set forth in Rule 84.04.[1] In particular, Moore does not present any points relied on in his brief. The briefing deficiencies preclude this Court from conducting meaningful review of Moore's appeal without improperly taking on the role of his advocate. Accordingly, we must dismiss the appeal.

---

[1] All Rule references are to Mo. R. Civ. P. (2022).

<u>Factual and Procedural History</u>

Decedent, Givands, and Givands's three children[2] were involved in an automobile accident in December 2018 in which Givands was driving. As the liability insurer for Givands, Progressive filed an interpleader action. Decedent, Givands, and Givands's children were made parties to the interpleader action. Decedent filed a crossclaim in the interpleader action against Givands alleging negligence and claiming personal injuries.

Decedent died on July 28, 2019, while the interpleader action was pending. Progressive filed suggestions of death for Decedent on August 15, 2019. On October 8, 2019, Decedent's counsel moved for leave to file a first amended petition. Decedent's counsel sought leave to appoint Moore as the plaintiff ad litem on behalf of Decedent in the interpleader action and to add a wrongful-death crossclaim by Moore against Givands. The following day, before the circuit court ruled on the leave to amend, Givands answered the first amended petition.

On November 20, 2019, Moore filed a Motion for Substitution requesting the circuit court enter an order that he be substituted for Decedent in the interpleader action. Moore's motion was filed 115 days after Decedent's death and 97 days after Progressive filed the suggestion of death.

On January 26, 2021, after the parties had conducted discovery, Givands moved for summary judgment on the crossclaims for negligence and wrongful death. In response, Moore moved for an enlargement of time in which to respond to Givands's summary-judgment motion. The circuit court denied Moore's motion to enlarge time and granted summary judgment in favor of Givands on June 4, 2021. The circuit court found that Moore did not attach a supporting affidavit with his motion requesting more time as required by Rule 74.04(f) and failed to specify

---

[2] Givands was pregnant at the time with one of the children.

what evidence of a factual dispute would have been presented had the circuit court granted the motion. The circuit court further noted that because Moore did not object or otherwise respond to Givands's statement of uncontroverted facts, the facts therein would be taken as true. Although the circuit court did not explicitly deny Moore's Motion for Substitution, the circuit court found that no estate was opened on behalf of Decedent within the required ninety days, such that no personal representative could recover for Decedent's alleged damages. The circuit court also ruled there was no material dispute of fact preventing judgment as a matter of law in that the evidence in the summary-judgment record did not establish that the automobile accident contributed to or caused the death of Decedent. Under the facts in the summary-judgment record, Decedent's death certificate stated the cause of death was cancer and pneumonia, and Moore's expert medical witness, Dr. Michael Durry, testified that he was told Decedent died of cancer and pneumonia. The circuit court noted Dr. Durry was unable to provide an opinion on Decedent's cause of death to a reasonable degree of medical certainty and that no evidence had been presented to show any cause of death that related to the motor vehicle accident at issue.

Several months later, in January 2022, Moore sought an appeal from the interlocutory order of summary judgment. This Court dismissed the appeal as untimely after Moore declined to provide evidence as to why the summary judgment constituted a final judgment. On February 15, 2022, the circuit court entered judgment in the interpleader action. In that judgment, the circuit court restated its findings and conclusions from its grant of summary judgment. The circuit court found Moore ineligible to recover sums in the interpleader action, and determined that the only parties eligible for recovery in the interpleader action were Givands's children. Moore now appeals.

Discussion

## I.      Rule 84.04 Briefing Deficiencies

Initially, Givands asks us to dismiss the appeal because she claims Moore has failed to adhere to the rules of appellate procedure in Rule 84.04.  "The briefing requirements of Rule 84.04 are mandatory, and the failure to substantially comply with Rule 84.04 preserves nothing for review."  Burgan v. Newman, 618 S.W.3d 712, 714 (Mo. App. E.D. 2021) (quoting Interest of D.A.B., 570 S.W.3d 606, 615 (Mo. App. E.D. 2019)).  "While perfection is not required, compliance with appellate briefing rules is mandatory 'to ensure that appellate courts do not become advocates by speculating on facts and arguments that have not been asserted.'" Id. (internal quotation omitted).  Indeed, our role as neutral arbiter is inherent to the "sound policy and purpose for Rule 84.04 in facilitating appellate review."  T.G. v. D.W.H., 648 S.W.3d 42, 46 (Mo. App. E.D. 2022) (internal citations omitted).  In particular, compliance with Rule 84.04 "permits this Court to conduct a meaningful review of the issues before it and ensures that opposing positions will have adequate representation, which is essential to our adversary system."  Id. (internal quotation omitted).  Thus, "[a]lthough our Court prefers to dispose of a case on the merits whenever possible, we must dismiss the appeal if the deficiencies in the appellant's brief are such that no claims are preserved for appellate review."  Richardson v. Div. of Emp. Sec., 573 S.W.3d 125, 128 (Mo. App. E.D. 2019) (internal citation omitted).

### A.      Moore's Brief Does Not Contain Any Points Relied On

"Central to the formation of a brief are an appellant's points relied on."  Lexow v. Boeing Co., 643 S.W.3d 501, 505 (Mo. banc 2022); T.G., 648 S.W.3d at 48 (internal quotation omitted) ("An appellant's point relied on defines the scope of appellate review.").  Rule 84.04(a)(4) requires appellants to present "points relied on" in their appellate briefs.  This requirement is not discretionary.  Points relied on must be set forth both in their own section, compliant with the

4

specifics of Rule 84.04(d)(1)–(3), and followed by a list of supporting authorities under Rule 84.04(d)(5). The points relied on are then reprised in the argument section of an appellant's brief pursuant to Rule 84.04(e). Points relied on serve "to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." Lexow, 643 S.W.3d at 505 (quoting Wilkerson v. Prelutsky, 943 S.W.2d 643, 647 (Mo. banc 1997)). Deficient points relied on preserve nothing for review and warrant dismissal of the appeal. See T.G., 648 S.W.3d at 49 (internal citations omitted).

Significantly, Moore's brief contains no points relied on. As such, Moore's brief preserves nothing for our review and warrants dismissal. See id.; see also Richardson, 573 S.W.3d at 128 (noting that where the appellant failed to include any points relied on, much less points relied on that satisfied the requirements of Rule 84.04(d), the appellant's brief required dismissal).

Our Court is not required to delve into the argument portion of an appellate brief in order to discern the issues presented for appeal. See T.G., 648 S.W.3d at 48 (internal citations omitted) ("This Court has no duty to review the argument portion of [the] brief to ascertain his contentions."). Nevertheless, even were we to gratuitously consider the headings found within Moore's argument to be his points relied on under Rule 84.04(a)(4), we would nevertheless find that the argument portion of the brief does not demonstrate substantive compliance with the requirements of Rule 84.04(d) such that we reasonably could exercise our preference to review the appeal on its merits.

When appealing from a trial court ruling, as here, a point relied on must: "(A) Identify the trial court ruling or action that the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of reversible error; and (C) Explain in summary fashion why, in the context

of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1). The rule further states that "[t]he point shall be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'" Rule 84.04(d)(1). "Given that a template is specifically provided for in Rule 84.04(d)(1), appellants simply have no excuse for failing to submit adequate points relied on." Bennett v. Taylor, 615 S.W.3d 96, 99 (Mo. App. E.D. 2020) (quoting Scott v. King, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017)).

Here, Moore first states in his argument that "[t]he trial court erred in finding [Moore] ineligible to recover sums in the Interpleader action, since Missouri law does not require an estate to be opened for a wrongful death action." Although this statement identifies the challenged ruling—the interpleader judgment—and alleges a legal reason for error—that an individual need not open an estate to recover sums on behalf of a deceased plaintiff for a wrongful-death claim—the statement fails to "[e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." See Rule 84.04(d)(1). Notably, as Givands observes in her respondent brief, Moore's argument is unclear as to the purported relationship between his wrongful-death crossclaim and his inability to recover as a substitute for Decedent *in the interpleader action* from which he appealed—that is, if any recovery would have been due to Decedent, given the uncontroverted facts in the summary-judgment record establishing no relationship between his death and the car accident. Moore had the opportunity to become Decedent's personal representative in the interpleader action, but the record shows he failed to do so. Moore had the opportunity to respond to Givands's motion for summary judgment on both his wrongful-death crossclaim and Decedent's negligence claim.

6

But Moore's failure to respond pursuant to Rule 74.04 resulted in Givands's uncontroverted statements of facts being taken as true and the circuit court properly denying Moore's and Decedent's crossclaims. See Rule 74.04(c),[3] (f).[4] While we acknowledge that the procedural history of the case is complicated,[5] the circuit court never granted—nor could it grant—Moore's untimely motion for substitution to become a party eligible to receive sums in the interpleader action. See Rule 52.13(a)(1).[6] Ultimately, Moore's argument statement in his appellate brief does not explain why the facts of the case compel reversible error, thereby failing to comply with the "in that" requirement of the rule and preserving nothing for our review. See T.G., 648 S.W.3d at 48.

Moore's second statement in the argument portion of his brief strays even further from Rule 84.04(d)(1). The statement contends that "[t]he trial court erred in denying [Moore's] motion to enlarge time to respond to Givands'[s] motion for summary judgment." Here, Moore identifies the circuit court's interlocutory summary judgment as the challenged ruling, but neglects to identify either the legal reason for the claim of error or why that legal reason, in the context of the case, supports the claim of reversible error. See Rule 84.04(d)(1); T.G., 648 S.W.3d at 48; see also In re Marriage of Strobel, 585 S.W.3d 862, 865 (Mo. App. S.D. 2019) (finding a point relied on was deficient for lacking the essential "legal reason why" and

---

[3] "A response that does not comply with this Rule 74.04(c)(2) with respect to any numbered paragraph in movant's statement is an admission of the truth of that numbered paragraph." Rule 74.04(c)(2).

[4] "Should it appear from the affidavits of a party opposing the motion that for reasons stated in the affidavits facts essential to justify opposition to the motion cannot be presented in the affidavits, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Rule 74.04(f); see also Duncan v. Dempsey, 547 S.W.3d 815, 821–22 (Mo. App. E.D. 2018) (internal quotation omitted) (noting that a party seeking a continuance in the context of summary judgment "must file an affidavit supporting its motion and 'must specify what additional evidence supporting the existence of a factual dispute the movant would have presented'").

[5] For instance, Givands responded to the First Amended Petition before the circuit court gave leave to amend. See Rule 55.33 (providing "the pleading may be amended only by leave of court *or by written consent of the adverse party*") (emphasis added).

[6] "Unless a motion for substitution is served within 90 days after a suggestion of death is filed, the action shall be dismissed as to the deceased party without prejudice" Rule 52.13(a)(1).

"context" ingredients). From Moore's statement, we cannot discern the legal argument being made as to why the circuit court erred. Critically, "[t]his Court has no duty to review the argument portion of [the] brief to ascertain his contentions." T.G., 648 S.W.3d at 48 (internal citations omitted). A point relied on that cannot be understood without sifting through the argument and record on appeal must be considered deficient for failing to notify the Court and the respondent of the precise matters under contention. See Lexow, 643 S.W.3d at 505 (internal citation omitted). We emphasize that "[t]he requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts." Burgan, 618 S.W.3d at 715 (internal quotation omitted). As the Supreme Court of Missouri has recently reiterated, "[a] deficient point relied on requires the respondent and appellate court to search the remainder of the brief to discern the appellant's assertion and, beyond causing a waste of resources, risks the appellant's argument being understood or framed in an unintended manner." Lexow, 643 S.W.3d at 505 (citing Scott, 510 S.W.3d at 892). Accordingly, we find that Moore's second argument statement does not comply with Rule 84.04(d)(1) and thus preserves nothing for review. See id.

Givands contends that Moore's appellate brief contains additional Rule 84.04 deficiencies, including but not limited to a deficient jurisdictional statement that conflates appealing from the interlocutory summary judgment and the interpleader judgment as well as a statement of facts that fails to cite to the legal file and that contains statements unsupported by the record. We need not address every possible Rule 84.04 violation in order to conclude that the glaring deficiencies require dismissal for failure to preserve reviewable points on appeal. Rather, given the importance of an appellant's points relied on in framing the scope of judicial review and of informing the Court and the respondent of the issues presented, Moore's failure to

8

include points relied on—much less ***compliant*** points relied on—in his brief is sufficient to compel the appeal's dismissal. See Rule 84.04(a)(4), (d)(1), (e); T.G., 648 S.W.3d at 49 (internal citation omitted); Richardson, 573 S.W.3d at 128 (internal citation omitted).

B.      Respondent's Request for Sanctions under Rule 84.19

In addition to asking us to dismiss the appeal, Givands seeks sanctions and an award of the costs of the appeal on the grounds that Moore's appeal is frivolous.

Rule 84.19 permits us to award costs to the respondent if we determine that an appeal is frivolous. See Rule 84.19. A frivolous appeal is one that "presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect for success." Beyond Hous., Inc. v. Dir. of Revenue, 653 S.W.3d 400, 414 (Mo. banc 2022) (internal quotation omitted); Owen v. Washington Univ., 652 S.W.3d 349, 354 (Mo. App. E.D. 2022) (quoting Ne. Pub. Sewer Dist. of Jefferson Cnty. v. Feucht, 535 S.W.3d 808, 811 (Mo. App. E.D. 2017)). The purpose of Rule 84.19 "is (1) to prevent congestion of appellate court dockets with meritless cases which, by their presence, contribute to delaying resolution of meritorious cases and (2) to compensate respondents for the expenses they incur in the course of defending these meritless appeals." Snelling v. Kenny, 491 S.W.3d 606, 616 (Mo. App. E.D. 2016) (internal quotation omitted).

However, "[w]hether or not the appeal is frivolous and damages are just and proper, Rule 84.19 sanctions are a 'drastic remedy' and we exercise our discretion 'with great caution.'" Owen, 652 S.W.3d at 354 (citing Feucht, 535 S.W.3d at 811). We recognize that "[a]n inadequate brief does not render an appeal frivolous[.]" Brown v. Brown, 645 S.W.3d 75, 84 (Mo. App. W.D. 2022) (internal quotation omitted). Rather, "such a [noncompliant] brief considered ***together*** with the record may reflect that no 'fairly debatable' issue exists to justify an appeal." Id. (internal quotation omitted) (emphasis added); Snelling, 491 S.W.3d at

9

616–17 (internal citation omitted) (noting "[d]efective briefing by an appellant and indications that the appellant intends to pursue further frivolous claims are relevant to determining whether to provide relief under Rule 84.19"). For example, Brown awarded sanctions under Rule 84.19 where the appellant openly disregarded court orders requiring him to bring his briefing into compliance with Rule 84.04 by submitting a defective brief after his initial brief was struck, the respondents were obligated to expend more resources than necessary to decipher and supplement the record, and the appellant demonstrated no intention to cease filing further frivolous actions even after being held in contempt in another proceeding for violating a vexatious litigation injunction. Brown, 645 S.W.3d at 84–85. We are not persuaded that the appellate brief and accompanying record on appeal in this case rises to that level of conscious disregard. See id. Given that we are guided to exercise caution in granting what is considered such a drastic remedy, we do not find Moore's briefing deficiencies make the appeal so devoid of merit as to make the appeal frivolous. See Owen, 652 S.W.3d at 354 (citing Feucht, 535 S.W.3d at 811). Therefore, we decline to impose sanctions and award costs. See Beyond Hous., Inc., 653 S.W.3d at 414 (internal quotation omitted); Owen, 652 S.W.3d at 354 (internal quotation omitted).

Conclusion

Moore's appellate brief fails to substantially comply with Rule 84.04 and thus preserves nothing for our review. Accordingly, the appeal is dismissed.

_____
KURT S. ODENWALD, Judge

Michael E. Gardner, C.J., concurs.
Kelly C. Broniec, J., concurs.

10